## CROWDER v. ADERHOLD, Warden.

District Court, N. D. Georgia, Atlanta Division.
Jan. 12, 1931.

SIBLEY, District Judge:

Roy Crowder applies for habeas corpus to deliver him from the Atlanta Penitentiary. Applicant was, on December 23, 1929, sentenced under title 18, U. S. Code, § 73 (18 USCA § 73), to two years' imprisonment in the penitentiary. At the same time the sentence was suspended, and he was put on probation for two years; a restitution of $92.40 being required as a condition of probation. The restitution appears to have been made in June, 1930. Meanwhile, on March 24, 1930, at the request of persons other than the probation officer, the court discharged applicant from probation. Within five weeks, on April 30, 1930, applicant being brought before the court, the sentence of December 23, 1929, was revoked, and applicant resentenced to a term of one year and six months, which he is now

serving. He claims the order terminating his probation deprived the court of all jurisdiction over him and rendered the sentence of April 30, 1930, void for want of jurisdiction.

The case turns wholly on the Probation Act (title 18, U. S. Code, § 724 and following [18 USCA § 724 et seq.]). Section 725 gives the court the power, upon a report from the probation officer, to discharge the probationer from further supervision. There is no indication here of any such report, but only of a request by other persons. It does not appear why the probation was terminated, nor why, a few days later, the court resentenced the applicant. Good reasons must be assumed. The only question in this court is that of power. Section 725 says: "At any time within the probation period the probation officer may arrest the probationer without a warrant, or the court may issue a warrant for his arrest. Thereupon said probationer shall forthwith be taken before the court." The probation period here spoken of is not the maximum period for probation of five years, fixed in section 724, but is the period actually fixed by the court and in force, originally two years in this case, but terminated March 24, 1930, if a precedent report of the probation officer be not an indispensible prerequisite. But section 725 proceeds: "At any time after the probation period, but within the maximum period for which the defendant might originally have been sentenced, the court may issue a warrant and cause the defendant to be arrested and brought before the court." The maximum period of imprisonment under title 18, U. S. Code, § 73 (18 USCA § 73), is ten years. Therefore, though the power of the probation officer may have been terminated, that of the court was not at an end. We assume this arrest was at the instance of the court, nothing to the contrary appearing. The defendant being brought before the court, "thereupon the Court may revoke the probation or the suspension of sentence, and may impose any sentence which might originally have been imposed." This probation having been already revoked, the revocation of the suspension of the former sentence would have been effective. Since revocation of a previous sentence is not mentioned, perhaps the power to impose any sentence that might have been originally imposed ought to be confined to cases in which no sentence had been pronounced before probation, but this need not be determined, because the new sentence was less than the old one and affords the applicant no cause for complaint. Notwithstanding his discharge from probation, which we

assume to be valid, the court had power to cause his arrest and to commit him to the penitentiary, and his detention there is not unlawful.

The writ is accordingly refused.