**KELLY, Marshal, v. UNITED STATES ex rel. FRAD.**

**No. 367.**

Circuit Court of Appeals, Second Circuit.

May 10, 1937.

Lamar Hardy, U. S. Atty., of New York City (Curtis C. Shears, Asst. U. S. Atty., and Frank H. Gordon, Sp. Asst. to the U. S. Atty., both of New York City, of counsel), for appellant.

Harris Jay Griston and Louis Karasik, both of New York City, for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

March 26, 1934, appellee simultaneously entered a plea of guilty to three indictments. Indictment C—96—116 charged a conspiracy to violate sections 220, 221, title 8, U.S. Code, 8 U.S.C.A. §§ 220, 221 (18 U.S.C.A. § 88), and appellee was sentenced to two years' imprisonment and to pay a $1,000 fine for which he was to stand committed until paid; indictment C—80—944 charged in five counts the use of passports obtained by false statements as to identity (sections 220, 221, title 8, U.S.Code, 8 U.S.C.A. §§ 220, 221); and indictment C—96—120 in four counts charged impersonation by representing himself to be another person when entering the United States (section 220, title 8, U.S.Code, 8 U.S.C.A. § 220).

On these last two indictments, the imposition of sentence was suspended and the appellee was placed on probation for a period of four years to begin after he had served the sentence of two years imposed on the first indictment.

November 2, 1935, appellee was discharged from prison, and on November 15, 1935, entered his term of probation by signing the standing orders of the court as to probation which required him to report weekly to the probation officer. December 13, 1935, the judge who sentenced him while holding a criminal term in the Southern District of New York, having returned to his home district, the Eastern District of New York, held court on appellee's application for a discharge of probation at his chambers in the Eastern District of New York, and later signed an order with the

venue laid and the order to be entered in the Southern District of New York, reading:

"Ordered, that the order of probation made herein on the 26th of March, 1934 and which is in force and effect by the standing probation order of this Court be, and the same is hereby revoked, and the defendant is discharged from further supervision and the proceedings against him in this case be, and the same are hereby terminated."

On a complaint made against appellee, for larceny on the high seas, an order was signed, November 20, 1936, for the issuance of a warrant to apprehend the probationer for violation of one of the terms of his probation. He was arrested and bailed pending a hearing. Though previously uninformed of the order revoking probation, the United States attorney advised the appellee on December 2, 1936, that an application would be made to the sentencing judge, again holding court in the Southern District of New York, to vacate his order of December 16, 1935, and that the indictments C—96—120 and C—80—944 would be on the calendar for sentence December 8, 1936. On December 4, 1936, appellee surrendered to the marshal and sued out a writ of habeas corpus. A motion was noticed to commit appellee December 28, 1936. This was consolidated with the argument on the writ. The writ was sustained and the appellee discharged.

The Probation Act (sections 724, 725, title 18 U.S.C., 18 U.S.C.A. §§ 724, 725) grants a District Judge power, after conviction of a crime, to suspend the imposition and execution of sentence and place a defendant upon probation. It also provides powers of revocation or modification of the probation and sets forth the duties of the probationer. Such suspension might be granted on a plea of guilty to the crimes here charged. Section 725 provides:

"When directed by the court, the probation officer shall report to the court, with a statement of the conduct of the probationer while on probation. The court may thereupon discharge the probationer from further supervision and may terminate the proceedings against him, or may extend the probation, as shall seem advisable."

At any time within the probation period, the probationer may be arrested without a warrant or the court granting probation may issue a warrant for his arrest. This must be served by the probation officer or the United States marshal, either in the district in which the probationer was put upon probation or in any district in which he is found. The court may then sentence him if reason appears and may revoke the probation or suspension of sentence and may impose any sentence which might originally have been imposed.

Here the three indictments were separate charges of crime. They were not consolidated for trial. The pleas of guilty were separately received, although involving crimes in transactions connected together by the same purpose and motive. United States v. Greenhaus, 85 F.(2d) 116, 107 A.L.R. 630 (C.C.A.2), certiorari denied November 17, 1936, 57 S.Ct. 192, 81 L.Ed. ——, held that, where there are sentences upon several counts in a single indictment, the suspension of a sentence to begin at the termination of a prior one is unlawful, and hence an order of probation is invalid and execution of the sentence may be ordered. That rule does not apply to indictments which are separate and not consolidated. Of course, even if it did apply, it follows that the suspension could be vacated and execution of the sentence ordered. In Miller v. Aderhold, 288 U.S. 206, 53 S.Ct. 325, 326, 77 L.Ed. 702, the petitioner was given a suspended sentence and was discharged from custody. He was later arrested and sentenced by another judge. The court held the suspension of sentence for an indefinite period was a void sentence. The cause was held to properly continue on the docket, and "the jurisdiction of the trial court, under circumstances such as are here disclosed, is not exhausted until sentence is pronounced, either at the same or a succeeding term."

In United States ex rel. Campbell v. Bishop, 47 F.(2d) 95 (C.C.A.5), the prisoner, on a plea of guilty, was sentenced to a fine of $500 and to serve two years' confinement with a conditional suspension of the imprisonment if and when the fine was paid. He paid his fine and was released but later arrested for violation of his probation. His probation was revoked, after a hearing, and he was committed for the original two years. It was held that the sentence was unlawful, for it was beyond the authority of the court to indefinitely suspend sentences; but it was further held that the District Court might eliminate the suspension of sentence and order the commitment of the petitioner.

"But in such cases there need not be any failure of justice, for, where the conviction is correct, and the error or excess of jurisdiction has been as stated, there does not seem to be any good reason why jurisdiction of the prisoner should not be reassumed by the court that imposed the sentence in order that its defect may be corrected." In re Bonner, 151 U.S. 242, 259, 14 S.Ct. 323, 326, 38 L.Ed. 149.

■ The District Judge sitting in the Eastern District of New York was attempting to exercise the power of a court in a cause pending in the Southern District. He had no power to revoke the order of probation and terminate the proceedings against the appellee. The Probation Act (sections 724, 725, 18 U.S.C.A.) provides for the execution of its provisions by the court in which a defendant pleads guilty or is convicted. Ackerson v. United States, 15 F.(2d) 268 (C.C.A.2).

■■ It was twenty months after the sentencing judge's service in the Southern District was completed when he assumed jurisdiction to act as a court for the Southern District while sitting in the Eastern District. Neither the United States attorney for the Southern District (sections 481–485, title 28 U.S.C., 28 U.S.C.A. §§ 481–485) nor the probation officer for the Southern District (sections 725–728, title 18 U.S.C., 18 U.S.C.A. §§ 725–728) had any jurisdiction to act for the United States in the Eastern District of New York. A District Judge, ordered by the senior Circuit Judge to hold court in a district other than his own, is not thereby empowered to sign and enter orders in a case pending in such other district when absent therefrom and in his own district. Cf. Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566; Riggs v. United States, 14 F.(2d) 5 (C.C.A.4), certiorari denied 273 U.S. 719, 47 S.Ct. 110, 71 L.Ed. 857. The order of the sentencing judge purporting to terminate the appellee's probation was void because of lack of jurisdiction. When he entertained the application and decided it, he was not sitting at that time as a judge of the court of the Southern District.

■■ The appellee, therefore, was subject to sentence if he violated the terms of his probation which had not expired or terminated. The statute expressly grants power to lengthen or end the probation supervision (section 725). It is clear that the court may terminate probationary supervision, and the defendant may be brought before the court under a warrant issued and may be sentenced to any period which might originally have been imposed. Kaplan v. Hecht, 24 F.(2d) 664 (C.C.A.2). An order terminating the probationary supervision merely terminates the power of supervision of the probation officer but not that of the courts. Crowder v. Aderhold, 46 F.(2d) 357 (D.C. D.Ga.). In Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266, the court affirmed an order revoking probation on one count of the indictment while the defendant was serving a sentence in jail on another count. The court held that while in jail he was subject to the conditions of the probation.

■ There were separate indictments here, and the court could sentence to imprisonment for one and suspend as to the others, placing the prisoner on probation to commence during or after the period of incarceration, provided it took effect at a fixed time without an indefinite condition. Miller v. Aderhold, supra.

The appellee is charged with a violation of his parole and the appellant has properly moved in the Southern District to revoke the probation and sentence him upon the second and third indictments. Burns v. United States, supra; cf. Escoe v. Zerbst, supra.

The orders are reversed and the prisoner remanded for the consideration of the revocation of his probation and for sentence if warranted.

Orders reversed.