**SANFORD, Warden, v. RUNYON.**

No. 10613.

Circuit Court of Appeals, Fifth Circuit.

June 4, 1943.

M. Neil Andrews, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for appellant.

No appearance was entered for appellee.

Before HUTCHESON and WALLER, Circuit Judges, and COX, District Judge.

HUTCHESON, Circuit Judge.

Appellee, taken on parole warrant, filed his petition for writ of habeas corpus. The district judge, stating, "The record shows that petitioner both prior to the alleged violation of his parole and also before the issuance of the parole warrant had completed the term specified in his sentence, less such 'good time allowance' ", discharged him. The warden is here insisting that the judgment below was based on the erroneous finding that petitioner had prior to the alleged violation of his parole completed his "short" term, that is, his maximum term as reduced for good time; and, therefore, may not stand. We agree.

Petitioner was on November 23, 1928, sentenced to a term of seven years. Without "good time", the sentence would thus expire November 23, 1935. Allowing the maximum good time possible to be earned, his short or "good time" term would expire February 12, 1934. He was paroled on May 29, 1931. On August 11, 1933, six months before the end of his "short" term, he violated the terms of his parole and parole warrant issued for his arrest on March 16, 1934, some eighteen months before expiration of his full term. He remained at large as a fugitive from justice until he was arrested for another offense for which he was sentenced on May-

12, 1937, for a term of five years in the penitentiary. Conditionally released from this sentence on September 13, 1940, he was at that time taken into custody under the parole violator warrant and committed to serve the remaining portion of his unexpired term of seven years. Contending that he was being illegally held because with good time he had completed his "short" term February 12, 1934, and the board had no jurisdiction after that date to revoke the parole for violations theretofore committed, he sought release on habeas corpus.

The warden, defending, pointed out that the breach of parole within the short term had deprived him of his good time allowance and made him subject to arrest at any time within the term of his original sentence and to be brought back to serve the full time. Through some confusion, the source of which is not apparent, the district judge fell into the error of finding as a fact that petitioner had, prior to the violation of his parole, completed his short term, and misconceiving the warden's defense, as based on 18 U.S.C.A. § 716b, effective June 29, 1932, rejected the defense and discharged the prisoner. The law is too well settled to require much citation of authority [1] that breach of parole forfeits good time and lays the prisoner liable to arrest and service of the full sentence. The judgment is reversed, and the cause is remanded for further and not inconsistent proceedings.

---

[1] Platek v. Aderhold, 5 Cir., 73 F.2d 173; United States ex rel. Anderson v. Anderson, 8 Cir., 76 F.2d 375; Henratty v. Zerbst, D.C., 9 F.Supp. 230; Kidwell v. Zerbst, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399, 116 A.L.R. 808; Morgan v. Aderhold, 5 Cir., 73 F.2d 171.