242

## PHIPPS v. PESCOR, Warden.
### No. 4257.

District Court, W. D. Missouri, W. D.
Aug. 7, 1946.

Earle Phipps, in pro. per.

Sam Wear, U. S. Atty., of Kansas City, Mo., for respondent.

RIDGE, District Judge.

Permission was heretofore granted to petitioner to file in forma pauperis a petition for writ of habeas corpus, directed to respondent. Upon the filing of said petition an order to show cause why a writ of habeas corpus should not be granted was issued, returnable August 5, 1946.

Petitioner alleges, in his verified petition for writ of habeas corpus, that on October 13, 1936, he was sentenced "to 10 legal years' imprisonment" which he began to serve on October 14, 1936; that he was "released on good time allowed him by the Bureau of Prisons" and that "he was on conditional release when he was picked up and was placed back in Federal confinement." Petitioner alleges that he is now held illegally in the United States Medical Center for Federal Prisoners at Springfield, Missouri, under the above sentence. He contends that his present confinement is illegal because he was "not given the right of an attorney or proper counsel when he was picked up by the United States Marshal at San Antonio, Texas, and remanded to the United States Medical Center for Federal Prisoners at Springfield, Missouri." It also appears, from said petition, that petitioner challenges the validity of the Conditional Release Laws for Federal Prisoners, claiming that Congress repealed said laws on June 30, 1942.

The verified return of respondent shows that petitioner was originally confined in the United States Medical Center for Federal Prisoners at Springfield, Missouri, under commitment of the United States District Court for North Dakota, Southeastern Division, dated October 14, 1936, for a period of 10 years; that defendant was conditionally released from said institution on July 17, 1944; that at the time of his conditional release petitioner had 810 days to serve on his original sentence. Said return further reveals that petitioner was taken into custody on March 19, 1945, after petitioner had been found guilty of aggravated assault in Bexar County, Texas, and sentenced to serve 30 days in jail on said charge; that on July 10, 1945, a certificate of revocation was issued by the United States Board of Paroles, ordering that the conditional release of defendant be revoked, and that he be required to serve the remainder of the sentence, originally imposed upon him, and that the maximum ex-

piration date of the sentence, now being served by petitioner, is June 6, 1947.

The Conditional Release Laws for Federal Prisoners, Secs. 710–719, T. 18 U.S.C.A., have not been repealed by Congress; said laws were in force as valid Acts of Congress prior to the date petitioner was sentenced "to 10 legal years' imprisonment." Under said law if the Warden of a prison, from which a prisoner is conditionally released, has reliable information that the prisoner has violated his parole, then said Warden may issue a warrant "for the retaking of such prisoner" which warrant may be served by any Federal Officer authorized to serve criminal process. After such prisoner has been retaken into custody, the United States Board of Paroles is notified and said Board at its next meeting may, in its discretion, revoke the order of parole of such prisoner. "If such order of parole shall be revoked and the parole so terminated, the said prisoner shall serve the remainder of the sentence originally imposed; and the time the prisoner was out on parole shall not be taken into account to diminish the time for which he was sentenced." T. 18 U.S.C.A. § 719.

 At the time petitioner was conditionally released from the United States Medical Center he was under a 10-year sentence which would not expire until October 13, 1946. During the time of his conditional release he was subject to all provisions of law relating to the parole of a United States prisoner until the expiration of the maximum term specified in his sentence. T. 18 U.S.C.A. § 716b. While on parole petitioner was convicted of aggravated assault in the State of Texas and sentenced to serve a term of 30 days in jail on said charge. Such conviction was sufficient cause for the revocation of his parole and the retaking into custody of petitioner by the United States Marshal for Bexar County, Texas. On being reincarcerated petitioner lost the good time he earned while in prison before his conditional release. Halligan v. Marcil, 9 Cir., 208 F. 403. Eight Hundred and Ten (810) days from March 19, 1945, is June 6, 1947.

 Petitioner was not entitled to counsel or a hearing when he was first re-

taken into custody. After being taken into custody petitioner was entitled to a hearing at the next meeting of the Board of Paroles. The return shows that said Board of Paroles did revoke petitioner's parole after he was retaken into custody and petitioner making no complaint that he was not given such a hearing, it will be presumed that the revocation of petitioner's parole was made after a hearing was granted to him. That he was not granted a proper hearing would not be cause for the issuance of a writ of habeas corpus herein. United States ex rel. Rowe v. Nicholson, 4 Cir., 78 F.2d 468, certiorari denied, 296 U.S. 573, 56 S.Ct. 118, 80 L.Ed. 405.

Under the facts revealed by the petition and return of respondent it appears that no disputed question of fact is at issue in this action; that petitioner is lawfully in the custody of respondent in the United States Medical Center at Springfield, Missouri. Therefore the petition for writ of habeas corpus, filed herein, is dismissed.