James B. WRIGHT, Appellant,

v.

Dr. R. O. SETTLE, Warden, United States Medical Center, Appellee.

No. 16839.

United States Court of Appeals Eighth Circuit.

July 28, 1961.

Daniel E. Langston, pro se.

Hubert I. Teitelbaum, U. S. Atty., and John F. Potter and Thomas J. Shannon, Asst. U. S. Attys., Pittsburgh, Pa., for appellees.

Before BIGGS, Chief Judge, and Mc-LAUGHLIN and KALODNER, Circuit Judges.

**318**

James B. Wright, pro se.

F. Russell Millin, U. S. Atty., Kansas City, Mo., filed no response or answer for appellee.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Appellant had been granted a conditional release, as if on parole, under 18 U.S.C.A. § 4164. Subsequently, a warrant was issued and executed upon him, under §§ 4205 and 4206, for violation of the conditions of the release. The order of release was thereafter revoked and the release terminated by the Board of Parole, under § 4207.

Appellant thereupon sought to gain his freedom from the return thus made of him to custody, through an application to the District Court for a writ of habeas corpus. The basis alleged for the writ was that he was not accorded a hearing before a United States District Judge or a United States Commissioner on the conditional-release violation asserted against him. He did not claim that he was not "given an opportunity to appear before the Board, a member thereof, or an examiner designated by the Board", under the provision of § 4207. To the contrary, his contention was, that the Board could not legally terminate his conditional release and return him to the custody of the Attorney General without first bringing him before a Commissioner or a District Judge and affording him judicially "a chance to defend himself".

As the trial court held, however, the revocation of a conditional release or parole is a matter which Congress has made subject entirely to administrative and not judicial process, as one of the elements in the statutory scheme for the granting and administering of these privileges. Conditional releases and paroles do not have existence or incidents, except such as the statutes creating them provide. One who is given a conditional release or a parole takes it as a matter of law on the basis of the statutes. He cannot claim rights or privileges thereunder except such as can expressly or implicitly be found in the language of the statutes.

Neither expressly nor implicitly, do the statutes grant any right to a judicial determination of the facts on a question of violation, or to a review of the judgment exercised by the Board of Parole as to the making of revocation. All that one who has been given a conditional release or parole is entitled to be protected against is that he not be returned to custody except by the processes and on the basis under which the statutes allow the Board to act.

The processes under which the statutes allow the Board to act are the issuing and execution of a warrant and the giving of an opportunity to the prisoner to appear and to be heard before the Board, a member thereof, or a hearing examiner. §§ 4205, 4206, 4207. The basis under which the statutes allow the Board to act is the existence of a violation of the conditional release or parole.

§§ 4164, 4205. If a violation has occurred, and if the process requirements are observed (or if these are waived by the prisoner), then a returning of him to custody of the Attorney General cannot be claimed to be unlawful, and he has no right to seek release from such custody through a writ of habeas corpus. Cf. Moore v. Reid, D.C.D.C., 142 F.Supp. 481, reversed on other grounds, 100 U.S. App.D.C. 373, 246 F.2d 654.

 Nor can the question of whether a violation has occurred be raised in habeas corpus as a matter of having disputed or ambiguous elements evaluated or of seeking a chance to produce additional evidence. It is subject to being raised only on the narrow basis that what was before the Board compelled the conclusion as a matter of law that there had been no violation of the conditional release or parole, and that the Board therefore acted without authority in making the revocation. If any basis existed for the Board to find that violation was present, within the broad range of elements and aspects of appraisal open to it in such a situation, then the effect of its action of revocation cannot be touched, for a court may not in any manner engage in substituting its judgment for that of the Board. Cf. Freedman v. Looney, 10 Cir., 210 F.2d 56.

██ Appellant's petition for a writ does not open the door to any examination of the Board's act of revocation, within these principles. The trial court was accordingly entitled to deny the application on its face.

The challenge made by appellant to the court's certificate, that his appeal is without merit and so not taken in good faith, is accordingly overruled, and his application for leave to prosecute his appeal in forma pauperis is denied. To clear the records of the trial court and our own of the appeal pending from appellant's filing of a notice of appeal, the case will be permitted to be docketed without payment of fee, and it will thereupon be dismissed as frivolous.

Appeal dismissed.