Albert Devine **HOLLIDAY**, Petitioner,

v.

Dr. R. O. **SETTLE**, Warden, Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.

Civ. A. No. 14296-4.

United States District Court
W. D. Missouri, W. D.

July 18, 1963.

F. Russell Millin, U. S. Atty., by Clifford M. Spottsville, Asst. U. S. Atty., Kansas City, Mo., for respondent.

Albert Devine Holliday, pro se.

BECKER, District Judge.

In this action petitioner, an inmate of the Medical Center for Federal Prisoners at Springfield, Missouri, originally filed a petition for a writ of *habeas corpus* on March 13, 1963, and filed supplemental petitions on March 29, 1963, and April 4, 1963. An order to show cause was issued on April 4, 1963. Thereafter a response and a first and second supplemental response were filed. After the order to show cause was issued the petitioner submitted five additional documents to this Court supplementing those previously filed. These documents will be treated as part of the original petition for writ of *habeas corpus*.

From the pleadings on file herein it appears that the petitioner herein was originally sentenced in the United States District Court for the Western District of Texas on April 1, 1953, to two consecutive 5-year terms for bank robbery and attempted bank robbery. He was originally confined at the United States Penitentiary at Leavenworth, Kansas. On June 30, 1955, he was certified by the Board of Examiners to be of unsound mind and, by order of July 14, 1955, removed to the Medical Center for Federal Prisoners at Springfield, Missouri. On June 16, 1960, the Warden of the Medical Center at Springfield certified that petitioner had been restored to sanity and was considered mentally competent. On June 25, 1960, a Certificate of Mandatory Release was executed releasing petitioner in accordance with the provisions of Title 18 U.S.C.A. § 4163. Section 4164 of Title 18 U.S.C.A. provides that a prisoner having served his term less good time deductions shall upon release be treated as if released on parole, and shall be subject to all provisions of law relating to the parole of United States prisoners until the expiration of the maximum term for which he was sentenced. The conditions set forth on the reverse of petitioner's Certificate of Mandatory Release provided among other things that the petitioner was to report to Mr. W. Page White, CUSPO, Grand Rapids, Michigan, and remain within the Western District of Michigan.

On January 10, 1961, petitioner was committed to the State Hospital for Mentally Ill, Kalamazoo, Michigan, on his sister's petition.

On August 12, 1961, petitioner absented himself from the State Hospital without leave.

On September 25, 1961, a "Warrant for Retaking Prisoners Mandatorily Released Under Authority Section 4163, Title 18, U.S.C." was executed by the United States Board of Parole. On this warrant petitioner was arrested on April 25, 1962, in the Southern District of California. Petitioner was committed to the Los Angeles County Jail, and delivered to the Federal Correctional Institution at Terminal Island, California, on May 7, 1962. Then on May 9, 1962, petitioner was delivered to the United States Penitentiary at McNeil Island, Washington.

On June 7, 1962, petitioner was certified by the Board of Examiners at McNeil Island to be of unsound mind and was ordered removed to the Medical Center at Springfield, Missouri, under the provisions of Title 18 U.S.C.A. § 4241. He was received at the Medical Center on September 6, 1962, and has remained there until the present time.

In the petitions filed prior to the issuance of this Court's order to show cause, petitioner challenged the legality of his detention on the contentions (1) that he was unable to be of assistance to his counsel at his revocation hearing; (2) that he was not "rearraigned before a U. S. District Judge or a U. S. Commissioner" upon his arrest for violation of his conditional release; (3) that because he was in the State Hospital at Kalamazoo, Michigan, undergoing treatment for insanity when he absented himself, he could not be held accountable for violation of his conditional release in the manner alleged; and (4) that his conditional release was "dropped" upon his acceptance by the State either by the

judge who allegedly committed him to the state institution or by his conditional release officer.

In the documents received since the issuance of this Court's order to show cause, the petitioner challenges the legality of his detention on the additional contention that his maximum expiration date was March 31, 1963.

It is clear from the response to the order to show cause and the exhibits attached thereto that petitioner has not yet had a revocation hearing and that therefore the first contention set forth above is not factually meritorious.

■ Petitioner's second contention, that he was not arraigned before a United States District Judge or Commissioner upon arrest for the alleged violation of his conditional release, is without merit since he has no such right. Wright v. Settle (C.A. 8), 293 F.2d 317, l. c. 318. And see authorities cited infra under petitioner's third contention in support of the proposition that revocation of a conditional release is a matter ordinarily subject to administrative rather than judicial process.

■ Petitioner's third contention, that he cannot be held accountable for any violation of his conditional release by reason of his absence from the Michigan State Hospital for the Mentally Ill, or by reason of any action or inaction subsequent to his absence because of his insanity at such times, may not be without merit. However, under ordinary circumstances, the question of whether or not petitioner has violated the terms of his conditional release (or parole) is to be decided by the Board of Parole and not by the courts. Title 18 U.S.C.A. § 4207; Wright v. Settle (C.A. 8), 293 F.2d 317, l. c. 319; Washington v. Hagan (C.A. 3), 287 F.2d 332, l. c. 334, cert. denied, 366 U.S. 970, 81 S.Ct. 1934, 6 L.Ed.2d 1259; Nave v. Bell (C.A. 6), 180 F.2d 198, l. c. 198–199 and cases there cited; Gibson v. Markley (S.D.Ind.), 205 F.Supp. 742, l. c. 743–744.

■ Petitioner's fourth contention, that his conditional release was "dropped" either by the state judge who al-

legedly committed him or his conditional release officer upon his commitment to the Michigan State Mental Hospital at Kalamazoo, is likewise without merit for the reason that neither of the named officers had such authority. The mandatory provision for deductions from the term of sentence known as "Good Time Allowances" appears in Title 18 U.S.C.A. § 4161. These deductions may be characterized as a "commutation of *time* for good conduct." Title 18 U.S.C.A. § 4162. (Emphasis added.) The deductions result in the prisoner's being mandatorily "released at the expiration of his term of sentence less the time deducted for good conduct." Title 18 U.S.C.A. § 4163. Section 4164 of Title 18 U.S.C.A., provides that a prisoner who has served his term of sentence "less good-time deductions" shall, upon release, be "deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days." The whole scheme of statutory good time deductions reflects a purpose not to alter, or reduce, or modify the sentence imposed by the judicial judgment, but rather to affect the time of confinement. Frierson v. Rogers (C.A. 5), 289 F.2d 234, l. c. 235; Nicholson v. Dillard (C.A. 4), 102 F.2d 94, l. c. 96.

■■ Thus it is clear that the only way in which a conditional release could be "dropped" (or annulled) would be by a commutation of *sentence* or pardon. And matters of commutation of sentence, pardon or parole are purely the province of the Executive Department. U.S. Const. art. II, § 2, cl. 1; Bozel v. United States (C.A. 6), 139 F.2d 153, l. c. 156, cert. denied, 321 U.S. 800, 64 S.Ct. 937, 88 L.Ed. 1087, reh. denied, 322 U.S. 768, 64 S.Ct. 1054, 88 L.Ed. 1594; United States v. Jenkins (S.D.Ga.), 141 F.Supp. 499. And see Ex parte Wells, 59 U.S. (18 How.) 307, 15 L.Ed. 421; United States v. Murray, 275 U.S. 347, 348, 48 S.Ct. 146, 72 L.Ed. 309. Petitioner does not allege that his sentence has been commuted by the Executive Department.

■ Petitioner's fifth contention, that his maximum expiration date has passed,

fails to take into account the provisions of Title 18 U.S.C.A. § 4205, providing that "The unexpired term of imprisonment of any such prisoner [parole violator] shall begin to run from the date he is returned to the custody of the Attorney General * * * and the time the prisoner was on parole shall not diminish the time he was sentenced to serve." Section 4205 is applicable to prisoners conditionally released under Title 18 U.S.C.A. § 4161, by reason of Title 18 U.S.C.A. § 4164. See also Sanford v. Runyon (C.A. 5), 136 F.2d 54; Phipps v. Pescor (W.D.Mo.), 68 F.Supp. 242, l. c. 243.

Although not raised by the petition, a further serious question of violation of petitioner's constitutional rights appears from the information before the Court. As previously indicated, petitioner has not yet had a parole revocation hearing despite the fact that he was arrested more than 14 months ago, on April 25, 1962, pursuant to a "Warrant for Retaking Prisoners Mandatorily Released Under Authority Section 4163."

Section 4207 of Title 18 U.S.C.A. provides:

"A prisoner retaken upon a warrant issued by the Board of Parole, shall be given an opportunity to appear before the Board, a member thereof, or an examiner designated by the Board.

"The Board may then, or at any time in its discretion, revoke the order of parole and terminate such parole or modify the terms and conditions thereof. * * * "

■ Section 4207 in granting a hearing to alleged parole violators, contemplates, without explicitly so providing, that the hearing shall be held within a reasonable time after the prisoner is "retaken upon a warrant issued by the Board of Parole." United States v. Kenton (C.A. 2), 287 F.2d 534, l. c. 535–536; Adams v. Hudspeth (C.A. 10), 121 F.2d 270, l. c. 272; United States v. Nicholson (C.A. 4), 78 F.2d 468, l. c. 471, cert. denied, sub nom., 296 U.S. 573, 56 S.Ct. 118,

80 L.Ed. 405; Application of Gillette (E. D.N.Y.), 175 F.Supp. 255, l. c. 256; MacAboy v. Klecka (D.C.Md.), 22 F.Supp. 960, l. c. 961. See also Phipps v. Pescor (W.D.Mo.), 68 F.Supp. 242, l. c. 243. It should be noted that in United States v. Kenton, supra, the District Court found that 113 days was an unreasonable delay and the Court of Appeals for the Second Circuit specifically concurred in that conclusion. 287 F.2d at 536.

It should also be noted that a long delay in time makes it less likely that sources of evidence the prisoner may ask the parole board to consider will be available, and that if as a result thereof the prisoner is prevented from having the fair hearing contemplated by the statute, he would be entitled to release. United States v. Kenton, supra, 287 F.2d at 536.

■ It is obvious that the delay of more than 14 months in this case is *prima facie* unreasonable and calls for immediate explanation by the respondent.

In the Second Supplemental Response filed herein, the respondent stated:

"That the staff at the Medical Center for Federal Prisoners, Springfield, Missouri, in January 1963, felt that the petitioner herein had improved to the point that he would be able to understand the matters before the Parole Board hearing and would be able to assist his legal counsel, but the certification has acted as a further impediment to the patient's appearance before the Board.

\* \* \* \* \* \*

"It appears that in spite of further evidence of continued improvement of defendant's mental functioning over the recent months, the Neuropsychiatric Staff believes that he should remain at the Medical Center under Section 4241, Title 18, United States Code, and that he should be reviewed again in six months in the event his current improvement continues. The Staff's opinion, as mentioned above, continues to be that the patient is able

to understand the nature of the charges against him and could adequately assist legal counsel."

In light of the report of the Staff of the Medical Center for Federal Prisoners (as paraphrased in the response to the order to show cause) that the petitioner is able to understand the nature of the charges against him and could adequately assist legal counsel and in light of the extremely long delay in holding the revocation hearing in this case, it is hereby

Ordered that the five additional documents submitted to this Court by petitioner since the entry of the order to show cause herein be, and the same are hereby, treated as part of the original petition for writ of *habeas corpus* on file herein. It is further

Ordered that the petitioner be released from custody on the 15th day of August, 1963, unless before that date respondent shows that a revocation hearing has either been held or is scheduled within a reasonable time.