Nathaniel Roebuck BEATTY, Appellant,

v.

J. O. KEARNEY, Warden, United States Penitentiary, Atlanta, Georgia, Appellee.

No. 22764.

United States Court of Appeals Fifth Circuit.

March 11, 1966.

668

Nathaniel Roebuck Beatty, pro se.

Thomas K. McWhorter, Asst. U. S. Atty., Charles L. Goodson, U. S. Atty., Atlanta, Ga., for appellee.

Before RIVES and THORNBERRY, Circuit Judges, and GARZA, District Judge.

PER CURIAM:

In this appeal from an order by the U. S. District Court denying appellant's petition for writ of habeas corpus, appellant assigns as grounds for relief several alleged defects in a state court conviction, which conviction led to the revocation of his parole from federal custody. He further asserts that the District Court erred in not granting him a hearing on his petition.

■ Appellant's contentions are without merit. Since petitioner was at the time of the filing of his petition and is now in federal custody as a result of the revocation of his parole from a federal conviction, "he has no grounds for review in this Court of his state conviction whether improperly obtained or not." Washington v. Hagan, 3rd Cir., 1960, 287 F.2d 332, cert. denied, 1961, 366 U.S. 970, 81 S.Ct. 1934, 6 L.Ed.2d 1259.

■ Thus there was no need to hold a hearing in this case. Even if we construe the petition as attacking the revocation of appellant's parole, we are satisfied that the Parole Board had before it sufficient evidence to justify revocation. As stated in Wright v. Settle, 8th Cir. 1961, 293 F.2d 317, 319, the question of whether a parole violation has occurred is subject to being raised in habeas corpus "only on the narrow basis that what was before the Board compelled the conclusion as a matter of law that there had been no violation of the conditional release or parole, and that the Board therefore acted without authority in making the revocation."

Affirmed.