UNITED STATES of America ex rel.
Santiago DeFILLO, Relator-
Appellant,

v.

W. W. FITZPATRICK, Respondent-
Appellee.

No. 463, Docket 31167.

United States Court of Appeals
Second Circuit.

Submitted May 16, 1967.

Decided May 26, 1967.

Santiago DeFillo, appellant pro se.

Robert M. Morgenthau, U. S. Atty., for Southern Dist. of New York, New York City (Jack Kaplan and John A. Stichter, Asst. U. S. Attys., on the brief), for appellee.

Before LUMBARD and MOORE, Circuit Judges, and BARTELS, District Judge.*

* Of the Eastern District of New York, sitting by designation.

1. Upon appeal relator asserted for the first time that the arrest warrant of December 3, 1965 was not properly or timely issued because the Parole Board's jurisdiction had terminated on November 13, 1965. This assertion is predicated upon the claim that under 18 U.S.C.A. § 4164 the relator was entitled to his freedom 180 days before the expiration of the maximum term of his sentence, which in the ordinary course of events would have been December 5, 1965, but since he

**BARTELS, District Judge:**

Relator appeals from an order denying his petition for a writ of habeas corpus to test the validity of his arrest and detention as a parole violator. In our opinion, the petition was properly denied, and we affirm.

In 1957 relator was sentenced to nine years on a narcotics charge. He obtained a mandatory release in 1963 after being credited with 990 days of good time but was deemed "as if released on parole." The Southern District was designated as his residence which he could not leave without permission and he was to report to Probation Officer Linden. Linden gave relator permission to live in the Eastern District with his mother but required him to continue reporting to Linden in the Southern District. While living in Brooklyn, relator took an unauthorized trip to Florida in September, 1965 and this trip is the basis of the charge of parole violation. He was arrested as a parole violator in June, 1966 pursuant to a warrant issued on December 3, 1965,[1] and on August 4, 1966 he brought this writ, apparently on the ground that the Southern District Probation Officer had no jurisdiction over him while he resided in the Eastern District. Relator contends that a probation officer has jurisdiction only over persons within the officer's district. See. e. g., Kelly v. United States ex rel. Frad, 89 F.2d 866 (2 Cir.), aff'd, 302 U.S. 312, 58 S.Ct. 188, 82 L.Ed. 282 (1937). But relator's supervisor was acting as a parole officer, exercising delegated powers of the Board of Parole,

was confined for 22 days in June, 1965 (arising out of a parole violation warrant), he was entitled to a deduction of 22 days from his maximum term of sentence (referred to by him as good-time allowance), thus advancing the date of his absolute release to November 13, 1965. There is no authority for the relator's claim for a 22-day deduction for time spent in confinement; accordingly he was still subject to parole supervision when the arrest warrant was issued. Birch v. Anderson, 123 U.S.App.D.C. 153, 358 F.2d 520 (1965), cited by relator, is not here applicable.

whose jurisdiction is nationwide. See 28 C.F.R. §§ 0.126, 2.25, 2.28. And the arrest warrant was itself issued by the Board of Parole pursuant to 18 U.S.C.A. § 4205. Furthermore, relator was barred from raising this point because his retained counsel deliberately secured delays of the return day of the writ until the Board of Parole revoked his mandatory release and he was no longer being detained on the arrest warrant. Relator's attorneys then stipulated that the writ should be deemed an application to review the action of the Board of Parole, and the court agreed. So deemed, the application was denied, and relator does not attack that decision on the merits.

In substance, relator complains that his detention under the arrest warrant was illegal and therefore his present detention is illegal even though the legality of his original detention became moot. The basis for this contention is that the adjournments of the hearing made by his counsel were without his presence or consent, and that in all events the district court was without jurisdiction to review the action of the Board in revoking his mandatory release. There is no merit to either of these contentions.

■ There was no necessity for relator's presence at the hearing since only questions of law were at issue (United States ex rel. Mitchell v. Follette, 358 F.2d 922, 928 (2 Cir. 1966)) and the adjournments were deliberately sought by relator's counsel until after the Board's September meeting, hoping for a favorable decision rendering moot the validity of the arrest warrant. On October 20, 1966, however, the Board rendered an unfavorable decision revoking relator's mandatory release. Since the delay was at the request of the relator's own lawyer, he is in no position to disavow the adjournments because the Board's decision thereafter rendered was unfavorable (United States v. Garguilo, 324 F.2d 795 (2 Cir. 1963)), nor was there at any time any claim or evidence that the counsel's representation was not with his consent and authorization.

■ At the hearing before the district court the only cause for detention was the action of the Board in revoking the relator's mandatory release. While his counsel agreed that the petition should be treated as an application to review and to set aside the action of the Board, relator now claims that the district court had no authority to entertain such a review without joining the Board as a party, citing Howell v. Hiatt, 199 F.2d 584 (5 Cir. 1952), which affords support for this proposition. However, Hiatt has not been followed in other circuits nor recently in its own circuit. Beatty v. Kearney, 357 F.2d 667 (5 Cir. 1966). While the Board is an indispensable party where a prisoner seeks a declaratory judgment against it (Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225 (en banc), cert. denied sub nom. Thompson v. United States Board of Parole, 375 U.S. 957, 84 S.Ct. 446, 11 L.Ed.2d 315 (1963)) or where he claims that he was not accorded the hearing which the statute requires (United States ex rel. Nicholson v. Dillard, 102 F.2d 94 (4 Cir. 1939)), the Board is not an indispensable party in a habeas corpus proceeding where the Attorney General who is expressly granted custody of the parolee (18 U.S.C.A. § 4203) has entered an appearance. Mitchell v. Kennedy, 344 F.2d 935 (10 Cir.), cert. denied, 382 U.S. 920, 86 S.Ct. 299, 15 L.Ed.2d 234 (1965).

■ The relator is entitled to challenge the legality of his detention by a writ of habeas corpus (Washington v. Hagan, 287 F.2d 332 (3 Cir. 1960), cert. denied, 366 U.S. 970, 81 S.Ct. 1934, 6 L.Ed.2d 1259 (1961)). When he does so, however, the test is not whether there was substantial evidence to support the Board's decision revoking his release but whether, as a matter of law, the revocation on its face appears to be without any support (Hyser v. Reed, supra). If the process requirements of the statute have been observed and there has been a violation of parole, "the effect of its [Board's] action of revocation cannot be touched" and the defendant is not

entitled to release from such custody through a writ of habeas corpus. Wright v. Settle, 293 F.2d 317 (8 Cir. 1961). Here the process requirements have been satisfied and the violation was undisputed.

Affirmed.