**Robert BROWN, Petitioner,**

v.

**UNITED STATES BOARD OF PAROLE,**
**Respondent.**

**Civ. No. 12108.**

United States District Court
D. Connecticut.

Aug. 8, 1967.

Robert Brown, pro se.

No appearance for United States Board of Parole.

TIMBERS, Chief Judge.

Petitioner, having been sentenced by this Court on January 22, 1962 to concurrent terms of five years' imprisonment following convictions of violations of 21 U.S.C. § 174 and 26 U.S.C. § 4705 (a), and currently a prisoner in the Fed-

eral Correctional Institution at Danbury, Connecticut, having petitioned this Court for an order in the nature of a writ of mandamus to compel the United States Board of Parole to credit petitioner with nine months' detention representing a term of imprisonment allegedly served under a sentence imposed by a New York state court; and.

The Court having construed said petition as an application for a writ of habeas corpus, it having appeared that petitioner is within the final nine months of detention following revocation of parole[1], and it having further appeared that petitioner seeks review of the Board of Parole's action in revoking his parole and ordering him to serve the entire balance of the term for which he was sentenced; and

■ Petitioner being entitled to challenge the legality of federal detention pursuant to revocation of parole by a writ of habeas corpus;[2] and

The Court having accepted as true, for the preliminary purpose of testing the sufficiency of the instant petition, the following allegations contained therein:

(1) That petitioner was granted mandatory release at expiration of his term of imprisonment, less time deducted for good conduct, pursuant to 18 U.S.C. § 4163, on April 1, 1965;[3]

(2) That petitioner was convicted of a state criminal offense in New York on February 25, 1966;

(3) That indications were given by the state court that no term of state imprisonment would be imposed if a federal warrant were issued for petitioner for violation of parole by reason of the state conviction;

(4) That petitioner was not able to obtain proof of the issuance or future likelihood of issuance of said warrant by the date set for sentencing by the state court because of lack of diligence on the part of his parole officer;

(5) That petitioner was thereupon sentenced to serve nine months in state custody on March 16, 1966;

(6) That petitioner subsequently was retaken by federal authorities to serve the remainder of the term of imprisonment for which he was originally sentenced by this Court, by reason of the parole violation;

(7) That petitioner's application to the Board of Parole for reconsideration of its action has been denied; and

The only aspect of this case subject to federal judicial review on the instant petition being the Board of Parole's action in revoking petitioner's parole;[4] and

Observance of the procedural requirements[5] with respect to parole revocation having been unchallenged; and

Existence of a violation of parole also having been unchallenged and not subject to dispute; and

■ The Court in such circumstances having no power to substitute its judgment for that of the Board of Parole, and having no power to review on any other basis the discretion exercised by the Board of Parole in revoking parole and ordering petitioner to serve all or any

1. And petitioner having raised a claim of detention in violation of the laws of the United States. See 28 U.S.C. § 2241(c)(3).

2. See United States ex rel. Santiago DeFillo v. W. W. Fitzpatrick, 378 F.2d 85, 87 (2 Cir. 1967).

3. At which time petitioner's status was that of a person released on parole, such status to remain in effect until expiration of the maximum term for which he was sentenced. 18 U.S.C. § 4164.

4. Since petitioner is held in federal rather than state custody, the state conviction and subsequent imprisonment are not subject to review by this Court, regardless of any possible inequitable circumstances therein involved. See Washington v. Hagan, 287 F.2d 332 (3 Cir. 1960), cert. denied, 366 U.S. 970 (1961).

5. 18 U.S.C. §§ 4205–4207.

part of the remainder of the term for which he was originally sentenced;[6] and

The Court accordingly having no authority to grant the relief requested; it is therefore

ORDERED that the instant petition be, and the same hereby is, denied; and it is further

ORDERED that petitioner's papers may be filed in this Court without payment of filing fees, pursuant to 28 U.S.C. § 1915.

6. See United States ex rel. Santiago DeFillo v. W. W. Fitzpatrick, supra note 2, at 87–88; Hyser v. Reed, 318 F.2d 225, 240, 242 (D.C.Cir. 1963) (en banc), cert. denied sub nom. Thompson v. United States Board of Parole, 375 U.S. 957 (1963); Wright v. Settle, 293 F.2d 317, 319 (8 Cir. 1961).