Robert George **STURGIS**, Plaintiff-Appellant,

v.

**UNITED STATES** of America, Defendant-Appellee.

No. 27979.

United States Court of Appeals Fifth Circuit.

Dec. 8, 1969.

Robert G. Sturgis, pro se.

Charles L. Goodson, U. S. Atty., Theodore E. Smith, Asst. U. S. Atty., Atlanta, Ga., for defendant-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

In this pro se case appellant has failed to file a brief within the time fixed by Rule 31, F.R.A.P., and it is therefore appropriate to dispose of this case summarily pursuant to Rule 9(c)(2) of this Court. Stout v. Broom, 406 F.2d 758 (5th Cir.1969).

This appeal is taken from the order of the district court denying the writ of habeas corpus. We affirm.

Appellant was convicted of violating 18 U.S.C. § 2314, interstate transportation of stolen goods, and was sentenced on April 1, 1966, to three years imprisonment. He was paroled on March 1, 1967, but was rearrested on a parole violator's warrant on January 1, 1969. He is presently incarcerated in the federal penitentiary in Atlanta, serving the remainder of his sentence.

In his petition for habeas corpus appellant contends that imposition of a sentence establishes the final expiration date thereof, and that 18 U.S.C.A. § 4205, governing the retaking of a parole violator and the serving of his time not theretofore served, does not permit incarceration past the final expiration date of the maximum sentence as established at the time of imposition. Therefore, he urges that he has been illegally in custody since March 31, 1969. He insists that construing § 4205 otherwise subjects him to double jeopardy in violation of the Fifth Amendment. This is without merit. Dolan v. Swope, 138 F.2d 301 (7th Cir.1943). Nor are appellant's contentions valid on statutory grounds. Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399 (1938); Rogoway v. Warden, 122 F.2d 967 (9th Cir.1941). Cf. Clark v. Blackwell, 374 F.2d 952 (5th Cir.1967); Buchanan v. Blackwell, 372 F.2d 451 (5th Cir.1967); Smith v. Blackwell, 367 F.2d 539 (5th Cir.1966).

Affirmed.