**John Wayne PEACOCK, Plaintiff-Appellant,**

v.

**C. J. HUGHES, Warden, Federal Correctional Institution, Seagoville, Texas, Defendant-Appellee.**

No. 29282
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

June 12, 1970.

John Wayne Peacock, pro se.

Eldon B. Mahon, U. S. Atty., Dallas, Tex., for defendant-appellee.

Before THORNBERRY, COLEMAN and CLARK, Circuit Judges.

PER CURIAM.

■ This appeal is taken from an order of the district court denying the petition for the writ of habeas corpus of a federal convict. We affirm.[1]

Appellant is presently serving a five-year federal sentence for a violation of 18 U.S.C. § 2113(a), the bank robbery statute. He was subsequently released on parole; however, a parole violation warrant was issued as a result of appellant's conviction for aggravated assault in the Dallas County Court. Parole was revoked after a hearing.

In his habeas petition appellant contended that he is entitled to credit on his sentence for the time spent on parole. He also alleges irregularities in his state conviction and that he was not permitted to present evidence of such irregularities at his parole revocation hearing. The district court denied relief, finding no merit in appellant's contentions.

■■ If a convict violates the conditions of his parole and is returned to prison to serve the remainder of his sentence, he is not entitled to credit on his sentence for the time spent on parole. 18 U.S.C. § 4205; Garnett v. Blackwell, 5th Cir. 1970, 423 F.2d 1211; Sturgis v. United States, 5th Cir. 1969, 419 F.2d 390; Lynch v. United States, 5th Cir. 1969, 414 F.2d 281. Alleged irregularities in a state conviction, which conviction led to the revocation of federal parole, cannot be raised in an attack on that parole revocation. Beatty v. Kearney, 5th Cir. 1966, 357 F.2d 667.

No other issues are raised by this appeal or reached by our decision here.

The judgment below is

Affirmed.

1. Pursuant to our Rule 18, this case is decided without oral argument.