Jack HICKMAN, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 29934.

United States Court of Appeals, Fifth Circuit.

Oct. 2, 1970.

* Honorable Warren J. Ferguson, United States District Judge, Central District of California, sitting by designation.

Jack Hickman, pro se.

John W. Stokes, Jr., U. S. Atty., Allen I. Birsch, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court denying the petition of a federal convict for the writ of habeas corpus. We affirm.[1]

Appellant is presently incarcerated in the federal penitentiary at Atlanta on a three-year sentence for violating the Dyer Act, 18 U.S.C. § 2312. The sentence commenced to run on December 12, 1966.

On August 29, 1968, appellant was paroled. On May 24, 1969, appellant was arrested for several violations for which he was convicted and fined $197. Appellant continued to report monthly to his parole officer, until July 22, 1969, when he was arrested on a parole violator warrant and returned to prison to complete service of his sentence.

Appellant contends that he is entitled to credit on his sentence for the time spent on parole. He also contends that the delay of 46 days in executing the parole violator warrant constituted a waiver or "forgiveness" for his infractions.

It is well settled that when a convict violates the conditions of his parole and is returned to prison to serve the remainder of his sentence, he is not entitled to credit on his sentence for the time spent on parole. 18 U.S.C. § 4205; Peacock v. Hughes, 5th Cir. 1970, 427 F.2d 359; Garnett v. Blackwell, 5th Cir. 1970, 423 F.2d 1211; Sturgis v. United States, 5th Cir. 1969, 419 F.2d 390.

As to appellant's second contention, a parole violator warrant is not required to be executed immediately upon issuance, but may be executed at any time before expiration of the sentence. Buchanan v. Blackwell, 5th Cir. 1967, 372 F.2d 451; Smith v. Blackwell, 5th Cir. 1966, 367 F.2d 539. The delay in executing the warrant did not amount to a waiver of the government's right to revoke parole. Lavendera v. Taylor, D.Kans.1964, 234 F.Supp. 703, aff'd 347 F.2d 989. The judgment below is affirmed.

Affirmed.

---

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's Local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, 5 Cir. 1969, 412 F.2d 981.