**William Rodger STARNES, Petitioner-Appellant,**

v.

**L. M. CONNETT, Warden, Federal Correctional Institution, Respondent-Appellee.**

**No. 72–1508**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

July 25, 1972.

William R. Starnes, pro se.

Roby Hadden, U. S. Atty., Charles E. Myers, Asst. U. S. Atty., Beaumont, Tex., for respondent-appellee.

Before WISDOM, GODBOLD, and RONEY, Circuit Judges.

PER CURIAM:

William Rodger Starnes appeals from the District Court's denial of his petition for habeas corpus. Starnes began serving a fifteen-year sentence for armed robbery on March 25, 1957. On May 25, 1962 he was paroled, but this parole was revoked on September 12, 1963. He was paroled again on August 19, 1966. Starnes was again returned to federal custody after execution of a parole-violator warrant on July 16, 1971, and his parole was revoked on January 26, 1972.

Starnes contends that the more than six years which he has spent on parole must be credited against his sentence and that therefore he must be released from custody, having served his sentence in full. We have often faced this contention, and it is firmly established in this Circuit that time spent on parole does not operate to reduce the sentence of a parole violator returned to prison. Hickman v. United States, 5 Cir. 1970, 432 F.2d 414; Peacock v. Hughes, 5 Cir. 1970, 427 F.2d 359; Betts v. Beto, 5 Cir. 1970, 424 F.2d 1299; Garnett v. Blackwell, 5 Cir. 1970, 423 F.2d 1211. We decline to depart from this unanimous line of precedent.

Starnes raises a number of other issues on this appeal. He argues that the District Court erred in permitting his transfer from the Federal Correctional Institution, Texarkana, Texas to the U. S. Penitentiary, Leavenworth, Kansas during the pendency of his petition for habeas corpus; that the District Court erred in denying his motion for documents and for an evidentiary hearing; and that the respondent deliberately presented false information to the District Court. We have examined these contentions and find them to be without merit. The judgment of the District Court is therefore affirmed.

Affirmed.

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.