IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2008

Charles R. Fulbruge III
Clerk

No. 08-50499
Conference Calendar

WILLIAM E JOHNSON

Plaintiff-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:08-CV-273

Before DAVIS, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

William E. Johnson, Texas prisoner # 493576, who was convicted of
aggravated sexual assault, filed a habeas petition alleging that he did not receive
credit on his sentence for the period he was released from prison under
mandatory supervision. Johnson has filed an interlocutory appeal from the
district court's order denying his motion for a preliminary injunction seeking his
release on a personal recognizance bond. He repeats his argument that his

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

sentence was illegally extended because, following the revocation of his release on mandatory supervision, he did not receive credit for the time that he spent on release from prison under mandatory supervision. He contends that he has shown unconstitutional acts on the respondent's part and that he is being illegally incarcerated.

Interlocutory orders denying injunctions are immediately appealable as an exception to the final-judgment rule. See 28 U.S.C. § 1292(a)(1); Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991). A district court's decision on a motion for a preliminary injunction is reviewed for abuse of discretion. Women's Med. Ctr. v. Bell, 248 F.3d 411, 418-19 (5th Cir. 2001). The plaintiff must establish four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the plaintiff will suffer irreparable injury; (3) that the threatened injury outweighs any harm the injunction might cause the defendant; and (4) that an injunction is not contrary to the public interest. Hoover v. Morales, 164 F.3d 221, 224 (5th Cir. 1998).

Prior to September 2001, Texas prisoners were not entitled to credit on their sentences for the period that they were released on mandatory supervision if their release was revoked; thus, they had no liberty interest in street time credits. See Thompson v. Cockrell, 263 F.3d 423, 426 (5th Cir. 2005); Starnes v. Connett, 464 F.2d 524, 524 (5th Cir. 1972). Texas law was amended effective September 1, 2001, to provide "that certain parole violators will receive street-time credit." Ex parte Spann, 132 S.W.3d 390, 392 (Tex. Crim. App. 2004); see TEX. GOV'T CODE ANN. § 508.283(c). This amendment could have created a liberty interest in retaining street-time credit for some prisoners whose release was revoked after September 1, 2001.

However, the amendment does not apply to prisoners who have been convicted of certain violent offenses listed in TEX. GOV'T CODE ANN. § 508.149(a). Because Johnson was convicted of aggravated sexual assault, a felony listed in

§ 508.149(a)(8), he is not eligible for the credit on his sentence. See § 508.283(b); Spann, 132 S.W.3d at 392 & n.4.

Johnson has not demonstrated that he has a liberty interest in receiving street-time credit for the period that he was released on mandatory supervision. Thus, Johnson has not made a showing that there is a substantial likelihood that he will succeed on the merits of his habeas claim. He has not shown irreparable harm or injury because he is merely serving the sentence that was imposed for his offense of conviction. Nor has he made any specific showing that his release would not disserve the public interest. The district court did not abuse its discretion in denying Johnson's motion for a preliminary injunction. Women's Med. Ctr., 248 F.3d at 418-19. The ruling is AFFIRMED.