**UNITED STATES ex rel. John BUONO, Appellee,**

v.

**Frank F. KENTON, Warden, Federal Correctional Institution, Danbury, Connecticut, Appellant.**

No. 255, Docket 26604.

United States Court of Appeals Second Circuit.

Argued Jan. 10, 1961.

Decided March 9, 1961.

Harold H. Greene, Atty., Dept. of Justice, Washington, D. C. (Harold R. Tyler, Jr., Asst. Atty. Gen., and Eugene N. Barkin, Atty., Dept. of Justice, Washington, D. C., and Harry W. Hultgren, Jr., U. S. Atty., D. Conn., Hartford, Conn., on the brief), for appellant.

Stanley D. Josephson, Branford, Conn., for appellee.

Before CLARK, WATERMAN, and MOORE, Circuit Judges.

CLARK, Circuit Judge.

Respondent, the warden of the Federal Correctional Institution at Danbury, Connecticut, appeals from an order granting relator's petition for a writ of habeas corpus. The question on appeal is whether or not a parolee who has been recommitted for violation of the conditions of his release must be discharged from custody where the statutory hearing on the issue of violation was not held within a reasonable time.

On October 21, 1959, upon a warrant issued by the Board of Parole, relator was arrested for violation of the conditions of his mandatory release on parole; and he was committed temporarily to the Federal Detention Headquarters in New York City. Seven days later the Director of the Bureau of Prisons designated the United States Penitentiary, Atlanta, Georgia, as the institution where the remainder of relator's original sentence was to be served. Relator arrived at the Atlanta Penitentiary on November 20, 1959, by means of a bus operated by the Bureau between Connecticut and Atlanta, stopping at New York City, Lewisburg, Pa., Washington, D. C., and Petersburg, Va. The government states in its brief that this was the normal method for such transfers, but gives no reason why relator did not arrive in Atlanta until 23 days after that place was designated as his permanent place of incarceration.

Relator did not receive a hearing on the issue of parole violation until February 11, 1960, 3 months and 3 weeks from the date of his arrest; and the formal order revoking his parole was not entered until April 14, 5 months and 3 weeks from the date of arrest.[1] The district court held that 113 days con-

stituted an unreasonable delay in granting the hearing required by 18 U.S.C. § 4207, which provides:

"A prisoner retaken upon a warrant issued by the Board of Parole, shall be given an opportunity to appear before the Board, a member thereof, or an examiner designated by the Board.

"The Board may then, or at any time in its discretion, revoke the order of parole and terminate such parole or modify the terms and conditions thereof. * * *"

In an attempt to justify the delay, the government asserts that it is impossible for the Board to hold hearings immediately whenever and wherever a violator is arrested. The eight-member Board of Parole conducts almost 12,000 hearings a year and issues about 1,000 violator warrants. Its jurisdiction extends to every state and possession in the union, and it visits 12 to 14 federal institutions regularly. Under the present system the Board schedules periodic visits by a member to the various federal institutions and holds violator hearings on its first visit after an alleged violator has been returned to his designated institution. No hearings are held at institutions which are used for temporary custody only. The Atlanta Penitentiary was designated for relator at a time when a Board member was conducting hearings in Atlanta. These hearings were terminated during the first week of November 1959, and relator, arriving on November 20, 1959, was compelled to wait for his hearing until February 1960, the next scheduled time that a Board member would be in Atlanta.

Section 4207, in granting a hearing to alleged parole violators, contemplates, without explicitly so providing, that the hearing shall be held within a reasonable time after the prisoner is "retaken upon a warrant issued by the Board of Parole." Adams v. Hud-

[1] Some time after the holding of the hearing, relator was transferred to the Federal Correctional Institution at Danbury, Connecticut, where he was being held at the time he sought the writ of habeas corpus.

speth, 10 Cir., 121 F.2d 270, 272; United States ex rel. Rowe v. Nicholson, 4 Cir., 78 F.2d 468, 471, certiorari denied Rowe v. Nicholson, 296 U.S. 573, 56 S.Ct. 118, 80 L.Ed. 405; Application of Gillette, D.C.E.D.N.Y., 175 F.Supp. 255, 256; MacAboy v. Klecka, D.C.Md., 22 F.Supp. 960, 961.[2] Here the district court found that 113 days was an unreasonable delay, and we concur in that conclusion. No argument of administrative convenience can justify holding a parolee in custody for almost 4 months before granting him a statutory hearing on the issue of violation. The procedure prescribed in 28 CFR § 2.39, to the extent that it may result in such an unreasonable delay, fails to comply with the requirements of 18 U.S.C. § 4207.

The district court held that the relator was entitled to release from custody because of the unreasonable delay in granting him a hearing. But the mere fact that the hearing was unreasonably delayed does not of itself render the hearing a nullity. If, after an unreasonable delay, a fair hearing is held which in all other respects satisfies the requirements of the statute, an adjudication that the prisoner has violated parole is entitled to stand. Therefore, following such a hearing, the prisoner would be lawfully in custody and would not be entitled to be released on habeas corpus. On the other hand, as the court stated: "The prisoner should be given an opportunity to hear the reasons why he was retaken and to have consideration given, after reasonable inquiry, to contravening evidence, the source of which he may be able to point out. A long delay in time makes it less likely that sources of evidence which the prisoner may ask the Parole Board to consider will be available. United States ex rel. Edgar McCreary v. Frank Kenton, Warden, Federal Correctional Institution, Danbury, Connecticut, Civil No. 8312, June 27, 1960, D.Conn. [190 F.Supp. 689]."

If the delay in granting a hearing were to prevent a prisoner from having the fair hearing contemplated by statute, he would be entitled to release. Cf. Moore v. Reid, 100 U.S.App.D.C. 373, 246 F.2d 654. In such a situation, however, the illegality of his detention arises from the failure to provide an effective hearing, rather than primarily from the delay.

■ In the present case there is no finding that the hearing eventually provided the relator was deficient, although relator made allegations to that effect. The probation reports established that relator had violated the conditions of parole by engaging in the policy racket and by filing false reports. At the hearing, relator stated that the police gave him permission to play the numbers in order to find out who murdered his brother. Even if true, this would not excuse the failure to file accurate reports; and relator was properly adjudicated a parole violator. Cf. 18 U.S.C. § 4203(a); 28 CFR §§ 2.17, 2.32. His present custody is therefore legal, and the order directing his release cannot stand.

■ In so holding, we reach a result similar to that of the cases requiring a speedy trial where a failure to object to an illegal delay until after trial constitutes a waiver of the objection. United States v. Lustman, 2 Cir., 258 F.2d 475, certiorari denied 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109; United States v. Kaye, 2 Cir., 251 F.2d 87, certiorari denied 356 U.S. 919, 78 S.Ct. 702, 2 L. Ed.2d 714; Ruben v. Welch, 4 Cir., 159 F.2d 493, certiorari denied 331 U.S. 814, 67 S.Ct. 1199, 91 L.Ed. 1833. The proper time to object to an unreasonable delay in granting a hearing is during that unreasonable delay. Since custody at that time is unlawful, habeas corpus might then lie to direct the release of the prisoner. United States ex rel. Rowe v. Nicholson, supra, 4 Cir., 78 F.2d 468,

---

2. In Phipps v. Pescor, D.C.W.D.Mo., 68 F.Supp. 242, 243, the court stated that "[a]fter being taken into custody petitioner was entitled to a hearing at the next meeting of the Board of Paroles"; but in so stating, it did not consider the consequences of an unreasonable delay in holding such next meeting.

certiorari denied Rowe v. Nicholson, 296 U.S. 573, 56 S.Ct. 118, 80 L.Ed. 405; but see United States ex rel. Nicholson v. Dillard, 4 Cir., 102 F.2d 94, 95–96. Once the hearing is held, however, and the fact of violation is fairly adjudicated, custody is lawful. Moreover, then to order the prisoner's release would be a useless procedure, since he could be immediately arrested and, following a prompt but repetitious hearing, his parole would be revoked.

The order appealed from is reversed.

Herbert B. Greene, Asst. U. S. Atty., Southern District of New York, New York City (S. Hazard Gillespie, Jr., U. S. Atty., and David R. Hyde, Asst. U. S. Atty., New York City, on the brief), for appellee.

Sidney W. Rothstein, Louis G. Greenfield, New York City, for appellant.

Before LUMBARD, Chief Judge, and MAGRUDER * and MOORE, Circuit Judges.

LUMBARD, Chief Judge.