JOSÉ A. ACEVEDO CASTAÑEDA, Petitioner and Appellant, v. GERARDO DELGADO, WARDEN, ETC., Defendant and Appellee.

No. AP–62–33. Decided December 7, 1962.

Pablo R. Cancio for petitioner and appellant. J. B. Fernández Badillo, Solicitor General, and Juan A. Faría, Assistant Solicitor General, for appellee.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Dávila.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

While petitioner was enjoying the benefits granted by Act No. 266 of April 4, 1946—4 L.P.R.A. § 601 *et seq.*—he was charged with a public offense. He was arrested and while he was under custody in the District Jail of San Juan to answer for the latter offense, the Parole Board ordered his detention on the ground that there was evidence of probable violations of the conditions under which he had been released on parole.

By virtue of that order, on March 28, 1961 petitioner was transferred to the State Penitentiary from the institution where he was detained to answer for the alleged violation.

On the following July 13 he gave the required bail bond for the offense for which he was detained when the Board issued the order of detention. Notwithstanding the bond given, he remained confined in the State Penitentiary by virtue of the order issued by the Board on March 28, 1961.

The hearing for determining whether petitioner had violated the conditions of his parole was held on August 8, 1961, or 133 days after ordering his detention for alleged violations of the conditions of his parole. On the following 17th an order was issued revoking the parole. He requested to be released on the ground that the Board, contrary to the provisions of § 8 of Act No. 266 of April 4, 1946, held the hearing when more than 45 days[1] had elapsed after the parolee's detention.

In rendering judgment on review, the trial court stated:

"In view of the foregoing facts, it is concluded as a question of law that the Parole Board failed to hold the hearing required by § 8 of Act No. 266 of April 4, 1946, Sess. Laws, p. 550, 4 L.P.R.A. § 608, within the period of 45 days from the date of parolee's arrest. The conclusion is that this hearing was actually held after the lapse of such period. The Board did not

---

[1] Section 8 of Act No. 266 of April 4, 1946 was amended in order to grant to the Board 60 days to hold the hearing. Act No. 107 of June 22, 1961, 4 L.P.R.A. § 608 (1961 Supp.).

therefore comply with the said provision of law as respects the period during which it should have held the proper hearing, following parolee's arrest."

Notwithstanding the foregoing, it denied the habeas corpus sought. Petitioner maintains that such action was error. He is right.

Section 8 *supra*, expressly provides that "if the Board does not hold said hearing within the term fixed in this Act [sixty (60) days as of the date of parolee's arrest], the alleged violation of the parole shall be considered as not committed, and the parolee shall have the right to be released immediately upon an order for the purpose."

 Since the Act expressly provides that if the hearing to take cognizance of parolee's violations of the conditions of his parole is not held within the statutory period, "the alleged violation of the parole shall be considered as not committed," and it appearing in this case that the hearing was held outside the prescribed period, petitioner's release will lie. *Román* v. *Delgado, Warden*, 82 P.R.R. 580 (1961); *cf. United States* v. *Kenton*, 287 F.2d 534 (2d Cir. 1961). The Solicitor General's contention that the statutory period for holding the hearing should be counted as of the date petitioner gave bond for the other offense, is without merit since, as stated in *Román* v. *Delgado, Warden, supra*, "the requirement that the hearing be held within 45 days . . . undoubtedly pursues the purpose of preventing that a prisoner be indefinitively committed without a hearing, in view of the possibility that the Board might release him after he is heard." Conceivably petitioner could be exonerated from the offense for which he was arrested. If this were the case, according to the Solicitor General's contention the Board had 45 days from that date to hold the hearing thereby defeating the purpose sought by the lawmakers, since the inmate could be detained 45 additional days and then be released after holding the hearing if the Board exonerated him from the other alleged violations of the conditions of his parole.

In view of the foregoing, the judgment appealed from rendered by the Superior Court, San Juan Part, on April 24, 1962, will be reversed and another judgment rendered granting the petition for habeas corpus.