JOSÉ A. ACEVEDO CASTAÑEDA, peticionario y apelante, *v.*
GERARDO DELGADO, ETC., demadado y apelado.

*Número:* AP-62-33    *Resuelto:* 7 de diciembre de 1962

*Pablo R. Cancio,* abogado del peticionario y apelante; *J. B. Fernández Badillo, Procurador General,* y *Juan A. Faría, Procurador General Auxiliar,* abogados del apelado.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Dávila.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

Mientras el peticionario disfrutaba de los beneficios concedidos por la Ley 266 de 4 de abril de 1946.—4 L.P.R.A. sec. 601 *et seq.*—fue acusado de cometer un delito público. Fue arrestado, y estando bajo custodia para responder de este último delito, recluido en la Cárcel de Distrito de San Juan, la Junta de Libertad Bajo Palabra ordenó su detención por entender que existía constancia de probables infrac-

ciones a las condiciones bajo las cuales fue puesto en libertad bajo palabra.

En virtud de esa orden el peticionario fue trasladado en 28 de marzo de 1961 de la institución donde estaba detenido para responder de la acusación antes referida a la Penitenciaría Estatal.

El 13 de julio siguiente prestó la fianza que se le señaló para permanecer en libertad provisional por el delito por el que estaba detenido cuando la Junta expidió la orden de detención. A pesar de haber prestado la fianza permaneció recluido en la Penitenciaría Estatal en virtud de la orden expedida por la Junta el 28 de marzo de 1961.

La vista para determinar si el peticionario había violado los términos de su libertad bajo palabra se celebró el 8 de agosto de 1961. Esto es 133 días después de haberse ordenado su detención por supuestas violaciones a los términos de su libertad. El 17 siguiente se dictó resolución revocando la libertad de que gozaba. Solicitó se le excarcelara por el fundamento de que la Junta, contrario a lo dispuesto en la sección 8 de la Ley 266 de 4 de abril de 1946, celebró la vista luego de haber transcurrido 45 días(¹) a partir de la detención del liberado.

El tribunal de instancia al dictar la sentencia que ahora revisamos manifestó:

"Dados los hechos mencionados anteriormente, se concluye como cuestión de hecho, que la Junta de Libertad Bajo Palabra no celebró dentro del término de 45 días a partir de la fecha del arresto del liberado, la vista que requiere la Sección 8 de la Ley Núm. 266 del 4 de abril de 1946, Leyes pág. 551, 4 L.P.R.A. Sec. 608. Se concluye que esta vista efectivamente vino a celebrarse, después de transcurrido dicho término. La Junta pues, no cumplió con la referida disposición de ley en cuanto al término dentro del cual debió haber celebrado la vista necesaria, luego del arresto del liberado."

_____

(¹) La sección 8 de la Ley 266 de 4 de abril de 1946 fue enmendada para conceder a la Junta 60 días para celebrar la vista. Ley Núm. 107 de 22 de junio de 1961, —4 L.P.R.A. sec. 608, Supl. 1961—.

No obstante lo anterior declaró sin lugar el hábeas corpus solicitado. El peticionario sostiene que fue errónea esa actuación. Tiene razón.

Taxativamente la sección 8 invocada dispone que "si la Junta no celebrare la vista dentro del término fijado en esta ley [sesenta (60) días a partir de la fecha del arresto del liberado] la alegada infracción a la libertad bajo palabra se considerará como no cometida y el liberado tendrá derecho a ser puesto en libertad inmediatamente previa orden al efecto . . ." ▆▆

Estableciendo expresamente la ley que de no celebrarse la vista para conocer de las infracciones del liberado a los términos de su libertad bajo palabra dentro del término estatuido en la ley, "la alegada infracción a la libertad bajo palabra se considerará como no cometida", y apareciendo que en este caso la vista se celebró fuera del término prescrito procede la excarcelación del peticionario. *Román* v. *Delgado*, 82 D.P.R. 598 (1961) ; Cfr. *United States* v. *Kenton*, 287 F.2d 534 (2do. cir. 1961). La contención del Procurador General al efecto de que el término establecido en la Ley para celebrar la vista debe contarse a partir de la fecha en que el peticionario prestó fianza por el otro delito carece de fundamento sólido. Pues como expresamos en *Román* v. *Delgado*, supra, "el requisito de que la vista se celebre dentro de 45 . . . obedece sin duda al propósito de evitar que un reo esté confinado indefinidamente sin la celebración de vista, ante la posibilidad de que la Junta lo exonere una vez le escuche". El peticionario concebiblemente podía ser exonerado del delito por el cual había sido arrestado. Si así fuere el caso, de acuerdo con la contención del Procurador, la Junta tenía 45 días desde esa fecha para celebrar la vista, frustrándose el propósito que animó al legislador, pues el confinado podía ser retenido 45 días adicionales para luego, cuando se le celebrara la vista, concederle la libertad si la Junta lo exoneraba de las otras infracciones que le imputaban a los términos bajo los que disfrutaba de libertad.

*En virtud de lo anteriormente expuesto, se revocará la sentencia apelada que dictó el Tribunal Superior, Sala de San Juan, con fecha 24 de abril de 1962, y se dictará otra declarando con lugar la petición de hábeas corpus.*