UNITED STATES of America, Appellee,

v.

Antoine B. RINIERI, Defendant-Appellant.

No. 405, Docket 27740.

United States Court of Appeals Second Circuit.

Argued Aug. 21, 1962.

Decided Sept. 12, 1962.

Certiorari Denied Dec. 10, 1962.

See 83 S.Ct. 310.

See also 304 F.2d 885.

C. Joseph Hallinan, Jr., New York City, for defendant-appellant.

Joseph J. Marcheso, Asst. U. S. Atty. (Joseph P. Hoey, U. S. Atty. for the Eastern Dist. of New York, on the brief), for appellee.

Before LUMBARD, Chief Judge, and MOORE and MARSHALL, Circuit Judges.

MARSHALL, Circuit Judge.

Antoine Rinieri appeals from a judgment of conviction for contempt of court

entered by the United States District Court for the Eastern District of New York, Bruchhausen, J., for his refusal to answer two questions before a Grand Jury after being directed to do so. He was sentenced to three months imprisonment for each refusal, the two sentences to run consecutively. We have considered the challenges which appellant has made to the proceedings in the District Court and have concluded that the conviction must be affirmed.

On June 18, 1962, Rinieri, a citizen of France, was returning to Europe on a plane which had left Chicago and was scheduled to land en route at Montreal. For reasons which are not clear, the plane landed instead in New York; Rinieri was taken off and questioned by government officials, including Customs officers, who took from his possession approximately $247,400 in cash. At the conclusion of the questioning which lasted into the early morning, he was served with a subpoena to appear at 9 o'clock the same morning before a federal Grand Jury sitting in the Eastern District of New York.

After consulting counsel Rinieri appeared before the Grand Jury. He testified that he had arrived in the United States about a week before with the intention of purchasing art objects from an American. But he refused to tell the Grand Jury, in response to two questions which the foreman had directed him to answer, (1) the name of the American from whom he intended to purchase the art objects, and (2) the name of a friend in Switzerland in whose safe he said he had kept his American dollars before coming to the United States. He based his refusal to answer on a "code of [business] ethics" and a desire not to violate "confidential relationships." He specifically declined to rely upon the Fifth Amendment.

Rinieri was then brought before Judge Bruchhausen in the District Court where, accompanied by his lawyer, he repeated his intention to refuse to answer. Judge Bruchhausen summoned the Grand Jury to the courtroom and, upon appellant's continued refusal to answer either of the two questions, found him guilty of contempt of court and imposed the sentences from which this appeal is taken.

The proceedings before Judge Bruchhausen were conducted under Rule 42(a) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., which authorizes summary punishment for acts of contempt "committed in the actual presence of the court." The validity of such proceedings—in which the Grand Jury is brought into the courtroom and the witness is directed by the District Judge to answer its questions upon pain of contempt of court—has been recently reaffirmed by the United States Supreme Court. Brown v. United States, 359 U.S. 41, 79 S.Ct. 539, 3 L.Ed.2d 609; Levine v. United States, 362 U.S. 610, 80 S.Ct. 1038, 4 L.Ed.2d 989. We find no basis for sustaining Rinieri's claim that he was denied due process by the proceedings in the District Court.

█ Appellant had the assistance of counsel before he made his initial appearance before the Grand Jury. Throughout the proceedings in the District Court the appellant was represented by counsel, who indeed told the Court that he had advised Rinieri to answer both questions. The District Judge carefully explained to Rinieri that he had an obligation to answer the questions and that he would be sentenced to prison if he continued to refuse to do so. He also granted Rinieri a five-minute recess in order to allow him to confer further with his lawyer before calling the Grand Jury to the courtroom. Under these circumstances, the denial by the District Court of appellant's request that he be granted a one-day adjournment before being compelled to answer the Grand Jury's questions cannot be regarded as a violation of due process. Moreover, this is particularly so in light of the fact that the order of the District Court granted Rinieri the opportunity "of purging himself of said sentences at any time by answering said questions before the Grand Jury."

Rinieri also contends that he should not have been found in contempt for refusing to answer the second question put to him because the Court never explicitly directed him to answer it. The transcript indicates that after the Court had directed Rinieri to answer the first question and found him in contempt for refusing to do so, Mr. Marcheso, the Assistant United States Attorney, asked for an answer to the second question:

"Mr. Marcheso: Will you tell us the name of the man in whose safe you stored this money?

"Rinieri: I can't, sir.

"Mr. Marcheso: Your Honor, I direct the witness to answer the question."

It is Rinieri's contention that a direction to answer from an Assistant United States Attorney is not an adequate substitute for an explicit direction from a District Judge, and that in a federal court a witness can be in contempt only of an order of a District Judge and not of an order of an Assistant United States Attorney.

We have examined the transcript carefully and while we agree that it would have been desirable for the District Court "unequivocally" to have directed Rinieri to answer the second question, Brown v. United States, supra, 359 U.S. at p. 50, 79 S.Ct. 539, we think that the subsequent statements of Judge Bruchhausen were tantamount to such a direction and that Rinieri clearly understood that he was being directed by the Court to answer, upon pain of contempt, the second question as well as the first.

When Rinieri first appeared before the Grand Jury, he had been asked both questions, and he and his lawyer were aware that he was being taken before the District Court in order to compel answers to both questions. In explaining the contempt proceeding to Rinieri, the District Judge several times referred to "the questions" and "those questions" and at one point said, "I will ask you whether in lieu of what I directed you to do, and what I stated to you, to answer those questions, will you now go before the Grand Jury and give the answers to those questions?" In addition, after Mr. Marcheso had directed Rinieri to answer the second question, the District Judge immediately asked, "What reason do you have for declining to answer that question?" Again, referring to the second question, the District Judge asked, "Is that your only ground for refusal to answer that question?" And finally, also referring to the second question, the District Judge asked, "Do you still refuse to answer the question?"

Moreover, failure of Rinieri's counsel to make objection to the finding of contempt based upon refusal to answer the second question is further support for the conclusion that the appellant understood that the Court had directed him to answer the second question as well as the first.

Affirmed.