Charles H. WEAVER, Petitioner-Appellant,

v.

T. Wade MARKLEY, Warden, United States Penitentiary, Terre Haute, Indiana, Respondent-Appellee.

No. 14476.

United States Court of Appeals Seventh Circuit.

May 13, 1964.

---

Charles H. Weaver, in pro. per.

Richard P. Stein, U. S. Atty., Kenneth M. Stroud, Asst. U. S. Atty., Indianapolis, Ind., for appellee.

Before SCHNACKENBERG, KILEY and MAJOR, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Charles Weaver, petitioner, has appealed from an order of the district court dismissing his petition for a writ of habeas corpus, under which he sought release from imprisonment in the United States Penitentiary at Terre Haute, Indiana.

A warrant was issued on May 1, 1963 charging petitioner with violation of parole. He was arrested and on July 10, 1963 was committed to the penitentiary. 18 U.S.C.A. § 4207 applies.[1]

In his briefs in this court, he asserts that October 10, 1963 should be considered as the date of the filing of his petition for a writ of habeas corpus, because that was "the date placed on the petition by the case worker [at the penitentiary] as the date * * * of filing with said District Court".

Petitioner relies upon United States ex rel. Buono v. Kenton, 2 Cir., 287 F.2d 534 (1961). However, we note that in Kenton, 287 F.2d at 536, the court said:

> "* * * The proper time to object to an unreasonable delay in granting a hearing is during that unreasonable delay. Since custody at that time is unlawful, habeas corpus might then lie to direct the release of the prisoner. * * *"

Having that statement in mind, we find from the instant petition for habeas corpus that on June 6, 1963, petitioner was arrested in Kentucky by an agent of the government and charged with parole violation. On July 10, 1963 he was forwarded to the penitentiary, where he is now confined. Charging an unreasonable delay, he contends that his constitutional [constitution of the United States] rights have been invaded. He specifies only the fourth amendment.

An order to show cause having been issued by the district court, the warden of the penitentiary, respondent, answered that petitioner was not entitled to release. The answer is supported by the affidavit of the executive of the Youth

---

1, A prisoner retaken upon a warrant issued by the Board of Parole, shall be given an opportunity to appear before the Board, a member thereof, or an examiner designated by the Board.

The Board may then, or at any time in its discretion, revoke the order of parole and terminate such parole or modify the terms and conditions thereof.

If such order of parole shall be revoked and the parole so terminated, the said prisoner may be required to serve all or any part of the remainder of the term for which he was sentenced. 18 U.S.C.A. § 4207.

Correction Division of the United States Board of Parole, which sets forth, in part:

" * * * Inasmuch as Weaver was a Youth Corrections Act commitment, he was precluded from having a revocation hearing by any other official other than a Member of the Youth Correction Division. Subject's case was, therefore, deferred until the next Board Meeting at the Terre Haute institution and he did appear on the October, 1963, Docket and was given a hearing by Mr. Lewis J. Grout, Member, United States Board of Parole on October 15, 1963. * * * "

Action upon the question of revocation remained pending before the Youth Correction Division after that date.

The record before us in the case at bar shows that on October 15, 1963 the application of petitioner for leave to file a petition for a writ of habeas corpus *in forma pauperis* came before the district court, and, pursuant to leave granted on October 18, 1963, the petition was there filed. In due course, respondent filed an answer. The district court, upon consideration of the petition, the order to show cause, the writ and answer thereto, dismissed the petition on December 4, 1963 and remanded petitioner to the custody of respondent. This appeal followed.

██ The petition for habeas corpus in Kenton, supra, was filed after the unreasonable delay in affording a revocation hearing had ended. Respondent here agrees that as long as the custody is unlawful, petitioner could be released on habeas corpus, but insists that the granting of an adequate revocation hearing ends the unreasonable delay and makes the custody thereafter lawful. We agree. In Kenton, the court of appeals recognized, 287 F.2d at 536, that the district court held that the relator was entitled to release from custody because of unreasonable delay in granting him a hearing, but the reviewing court said that that fact did not render the hearing a

nullity and that, if, after an unreasonable delay, a fair hearing is held, an adjudication that the prisoner has violated parole is entitled to stand, thus defeating his right to release on habeas corpus.

A study of the Kenton opinion indicates that it does not depend upon when the petition for habeas corpus was filed, but rather upon whether the custody was lawful or unlawful at the time the release under habeas corpus would be effected. Thus, the court, 287 F.2d at 537, said:

" * * * Once the hearing is held, however, and the fact of violation is fairly adjudicated, custody is lawful. Moreover, then to order the prisoner's release would be a useless procedure, since he could be immediately arrested and, following a prompt but repetitious hearing, his parole would be revoked."

For all of these reasons, we affirm the order of the district court.

Order affirmed.