**UNITED STATES of America**

v.

**Philip Charles TESTA, Appellant.**

**No. 14922.**

United States Court of Appeals Third Circuit.

Submitted on briefs June 10, 1964.

Decided July 9, 1964.

Certiorari Denied Oct. 12, 1964.
, See 85 S.Ct. 83.

Jacob Kossman, Philadelphia, Pa., for appellant.

Isaac S. Garb, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before BIGGS, Chief Judge, and HASTIE and GANEY, Circuit Judges.

PER CURIAM.

We find neither error in law nor abuse of discretion in the district court's denial of the appellant's petition for discharge from custody or for correction of an allegedly illegal sentence.

On October 25, 1963 the district court ordered the appellant committed to jail until he should answer certain questions propounded to him as a witness before a grand jury. He remains confined pursuant to that commitment. The grand jury in question has not been discharged. The appellant still can, as he could at any time since his commitment, purge himself of contempt and secure his release by appearing before the grand jury and answering the questions heretofore propounded to him. However, he persists in his contumacious refusal to obey the district court's lawful command that he testify.

We have already reviewed and affirmed the district court's original order and the consequent commitment. 326 F.2d 730, cert. denied, 376 U.S. 931, 84 S.Ct. 701, 11 L.Ed.2d 652. The only new point raised now is that made on April 6, 1964, by Mr. Justice Clark in United States v. Barnett, 376 U.S. 681, 84 S.Ct. 984, 12 L.Ed.2d 23, when he asserted that "[s]ome members of the Court are of the view that, without regard to the seriousness of the offense, punishment [for contempt] by summary trial without a jury would be constitutionally limited to that penalty provided for petty offenses." 376 U.S. p. 695, footnote 12, 84 S.Ct. p. 992.

We think Mr. Justice Clark was speaking about an unqualified sentence imposed as a punitive sanction. In contrast, the present conditional commitment is only a coercive remedial sanction to enforce compliance with a judicial mandate. The appellant's confinement, different from a punitive sentence, will be as brief or as long as he chooses and, in any event, no longer than the availability of the present grand jury makes possible compliance with the court's order. We think that a prisoner who is thus entitled to be released whenever he shall elect to obey a lawful order of the court has not been subjected to such a penalty as was contemplated by Mr. Justice Clark's admonition.

We are reinforced in this view by language in the opinion of Mr. Justice Goldberg, speaking for the three dissenting Justices in the Barnett case, who thought that even a minor criminal penalty should not be imposed except pursuant to a jury trial. Mr. Justice Goldberg was careful to limit this position, saying:

"I wish to make it clear that I am not here concerned with, nor do I question, the power of the courts to compel compliance with their lawful orders by the imposition of conditional punishment—commonly referred to as civil contempt. In such cases, it may be said that 'the defendant carries the keys to freedom in his willingness to comply with the court's directive. * * *' * * * I am concerned solely with the imposition, without trial by jury, of fixed nontrivial punishments *after* compliance with the court's order has been secured." 376 U.S. at 753–754, 84 S.Ct. at 1020.

There is no reason to believe that any member of the Court did not subscribe to this limitation.

The appellant also argues that he has been "punished" enough for his contumacity and that his imprisonment is causing his family to suffer. Again, the short answer is that this is a conditional and remedial commitment. Appellant can at any time achieve his own release by testifying before the grand jury. In this connection it is noteworthy that if the appellant now testifies before the grand jury he will be immune from state prosecution as well as federal prosecution as a result of any disclosures he may make. Murphy v. Waterfront Commission, decided by the Supreme Court June 15, 1964, 84 S.Ct. 1594; Malloy v. Hogan, decided by the Supreme Court June 15, 1964, 84 S.Ct. 1489.

The order of the district court will be affirmed.