**UNITED STATES of America,
Appellee,**

v.

**Anthony CASTALDI, Appellant.**

**No. 137, Docket 29043.**

United States Court of Appeals
Second Circuit.

Argued Sept. 25, 1964.

Decided Nov. 17, 1964.

---

**884**

Robert M. Morgenthau, U. S. Atty. (Andrew M. Lawler, Jr., John A. Sprizzo, Asst. U. S. Attys., of counsel), for appellee.

Daniel H. Greenberg, New York City (Samuel W. Altman, Marvin Margolis, New York City, of counsel), for appellant.

Before LUMBARD, Chief Judge, and MOORE and SMITH, Circuit Judges.

MOORE, Circuit Judge.

Anthony Castaldi appeals from a judgment convicting him of criminal contempt of court. The conviction was based on his refusal to answer questions put to him before a Grand Jury in the Southern District of New York and before a District Judge on the ground that he might incriminate himself.

Castaldi had been indicted along with a score of co-defendants and co-conspirators for conspiring to violate the federal narcotics laws. After a trial in 1963 he was one of five acquitted, eleven others being convicted.[1] In February 1964 Castaldi was subpoenaed to testify before a federal grand jury investigating illicit narcotics traffic. At hearings in February, April and May 1964 he refused to answer all questions, some of which related to aspects of the conspiracy. On May 15th, at the Government's request, Castaldi was granted immunity from future prosecution and ordered to answer, under 18 U.S.C.A. § 1406. On July 1st, his next appearance before the Grand Jury, and on July 2nd, before Judge Wyatt, he again refused to answer all questions. On notice and hearing as provided in Rule 42(b), Fed.R.Crim.P., Judge Wyatt found Castaldi guilty of disobedience of the Court's orders requiring him to answer the questions put to him before the Grand Jury. Judge Wyatt sentenced him to two years' imprisonment or until further order of the Court, should he answer the questions before the end of the sentence or the discharge of the Grand Jury. Castaldi's request for a jury trial was denied.

Castaldi now contends that: (1) the prior acquittal operates to bar a contempt conviction based on a refusal to answer questions concerning in part the subject matter of the earlier proceeding; (2) he was constitutionally entitled to an indictment and trial by jury; and (3) the two-year sentence is constitutionally impermissible. We reject all three contentions.

The conspiracy acquittal, Castaldi argues, should bar his contempt conviction under principles of double jeopardy, res judicata and collateral estoppel. However, the acquittal in no way gave Castaldi permanent freedom to refuse to answer all questions relating to possible narcotics violations merely because they might have some connection with an earlier trial. Indeed, the Supreme Court held in both Reina v. United States, 364 U.S. 507, 81 S.Ct. 260, 5 L.Ed. 2d 249 (1960) and Piemonte v. United States, 367 U.S. 556, 81 S.Ct. 1720, 6 L.Ed.2d 1028 (1961), that a prior conviction did not create a right to refuse to answer questions relating to the underlying crime. " '[T]he public has a right to every man's evidence.' " Piemonte, supra, 367 U.S. at 559 n. 2, 81 S.Ct. at 1722. If three persons witness an offense—an innocent bystander, a suspect who is convicted, and a suspect who is acquitted— the acquitted suspect has no more right to keep silent than do the other two. See Piemonte, ibid. Because the contempt conviction is not the same offense as in the earlier conspiracy proceeding, double

---

1. The convictions were later reversed and a new trial ordered. United States v. Borelli, 336 F.2d 376 (2d Cir. 1964).

jeopardy plays no role here, just as it plays no role in the case of a prior conviction. Similarly, the doctrines of *res judicata* and collateral estoppel both contemplate subsequent litigation involving claims and facts already once adjudicated. The only question in the contempt proceeding was whether Castaldi wrongly refused to obey court orders; not whether he conspired to sell narcotics.

Castaldi is not being retried. Nor does his acquittal establish as a matter of law his lack of knowledge concerning narcotics traffic as he claims. All that the Government was required to show was that it had complied with the statute. This it has done. See Ullman v. United States, 350 U.S. 422, 434, 76 S.Ct. 497, 100 L.Ed. 511, 53 A.L.R.2d 1008 (1956) dealing with a similar statute, 18 U.S.C.A. § 3486, 68 Stat. 745.

Castaldi next claims that he was entitled to an indictment and jury trial under the Fifth and Sixth Amendments to the Constitution. His arguments on these points involve constructions of the statutes which classify federal offenses and define criminal contempt (18 U.S.C.A. §§ 1 and 401). Briefly, he argues that the punishment for criminal contempt is in the court's discretion and might possibly exceed one year, that sentencing for more than one year makes an offense a felony, that a felony is an "infamous" crime, and that, therefore, there should have been an indictment and jury trial. This argument was made and rejected in United States v. Green, 356 U.S. 165, 78 S.Ct. 632, 2 L.Ed.2d 672 (1958), which upheld a three-year sentence. That principle was recently reaffirmed in United States v. Barnett, 376 U.S. 681, 692, 84 S.Ct. 984, 12 L.Ed.2d 23 (1964), which again ruled against a constitutional right to a jury trial in a criminal contempt case.

Castaldi does not have a statutory right to a jury trial. Congress has provided for a jury trial in only certain criminal contempt proceedings. See, e. g., 18 U.S.C.A. §§ 402, 3691, 3692; Civil Rights Act of 1964, § 1101, 78 Stat. 268.

But under all of these statutes no right to a jury trial exists with respect to contempts committed in the presence of the court. And that is what Castaldi is convicted of.

Lastly, we come to the claim that the penalty which may be imposed is limited to that for petty offenses, because of the absence of a jury trial. Castaldi cites footnote 12 in United States v. Barnett, 376 U.S. at 694–695, 84 S.Ct. at 903, in which the Court added a "dictum" that "Some members of the Court are of the view that, without regard to the seriousness of the offense, punishment by summary trial without a jury would be constitutionally limited to that provided for petty offenses." But as we noted in United States v. Harris, 334 F.2d 460, 463 (2d Cir.), cert. granted, 85 S.Ct. 438, the contempt in Barnett was not committed in the presence of the court and the contempt proceeding took place after compliance with the court order. Here, as in Harris, the contempt was committed in the court's presence and the proceeding preceded compliance. But cf. Rollerson v. United States, No. 17675, D.C.Cir., Oct. 1, 1964.

Moreover, the sentence has a purge clause by which Castaldi "carries the keys to freedom in his willingness to comply with the court's directive * *." United States v. Barnett, 376 U.S. at 727 n. 6, 84 S.Ct. at 1031 (dissenting opinion of Black, J.), id. at 754, 84 S.Ct. at 1020 (dissenting opinion of Goldberg, J.). Sentences similar to this were upheld in United States v. Reina, supra; United States v. Testa, 334 F.2d 746 (3d Cir.), cert. denied, 85 S.Ct. 83 (1964); see United States v. Rinieri, 308 F.2d 24 (2d Cir.), cert. denied, 371 U.S. 935, 83 S.Ct. 310, 9 L.Ed.2d 272 (1962).

Castaldi's attempt to distinguish Harris as arising under Rule 42(a), Fed.R. Crim.P., for summary contempts, whereas this case arose under Rule 42(b) for disposition on notice and hearing, is without merit. His refusal to answer was

made in the presence of the court and would have justified a proceeding under Rule 42(a). If the sentence would be permissible then under Harris, it can hardly be made impermissible by the fact that the court chose to proceed under Rule 42(b), by which other additional protections were afforded.

The judgment appealed from is affirmed.