**UNITED STATES of America, Appellee,**

v.

**Salvatore SHILLITANI, Appellant.**

**No. 182, Docket 29117.**

United States Court of Appeals Second Circuit.

Argued Nov. 13, 1964.

Decided May 18, 1965.

Andrew M. Lawler, Jr., Asst. U. S. Atty. (Robert M. Morgenthau, U. S.

Atty., John E. Sprizzo, Asst. U. S. Atty.), for appellee.

Albert J. Krieger, New York City, for appellant.

Before LUMBARD, Chief Judge, and SWAN and WATERMAN, Circuit Judges.

WATERMAN, Circuit Judge.

Defendant appeals from a judgment of conviction for criminal contempt of court, and from a conditional sentence of two years imprisonment, imposed upon him by Judge MacMahon, sitting without a jury, in the United States District Court for the Southern District of New York. We affirm.

In September 1963, a grand jury was impaneled in the Southern District of New York to investigate violations of the federal narcotics laws. The grand jury became particularly interested in the supposed illicit activities of an alleged ring headed by Thomas Luchese. In the belief that defendant was a member of the ring, the grand jury summoned him to give testimony. Defendant appeared before the grand jury on February 12, April 22, and May 6, 1964. On each occasion he refused to answer certain questions on the ground that his replies might tend to incriminate him.

On July 1, 1964, the government applied to Judge Wyatt, pursuant to 18 U.S.C. § 1406, for an order granting defendant immunity and directing him to respond to the questions. Judge Wyatt advised defendant, "[F]ull and absolute immunity is being granted to you with respect to all matters on which you are compelled to testify." He then told defendant, "I direct that you appear before this Grand Jury, and that you study these [fifty-three] questions, and that you answer each and every one of these questions." Nonetheless, on July 2 and August 4, 1964, defendant again declined to respond to the questions on the ground that his replies might tend to incriminate him.

Upon notice and an order to show cause, defendant was brought before Judge MacMahon on August 10, 1964, pursuant to Fed.R.Crim.P. 42(b), for a hearing on a charge that he was in criminal contempt of court. At the conclusion of the hearing Judge MacMahon found defendant guilty and imposed sentence under 18 U.S.C. § 401. He ordered defendant imprisoned for two years, with a proviso that the sentence might be prematurely terminated if defendant should obey the order of Judge Wyatt. Defendant appeals both the conviction and the sentence.[1]

First. Defendant claims that Judge Wyatt never gave an unequivocal order that he testify before the grand jury, and that he never understood himself to be under such an order. It appears that after Judge Wyatt directed defendant to answer the fifty-three questions, defendant asked for time to consult with counsel. Judge Wyatt granted the request and deferred further proceedings until the following day. The next morning defendant was taken directly before the grand jury, where the questions were propounded to him by the government. Defendant contends that Judge Wyatt meant, instead, for defendant to appear again before *him*, the judge, so that, after defendant had received legal advice, the judge would then issue a binding order. Defendant also contends that this was what he understood the judge to mean.

It is true that there can be no violation of an order to testify unless the court "unequivocally" directs the witness so to do. Brown v. United States, 359 U.S. 41, 50, 79 S.Ct. 539, 3 L.Ed.2d 609 (1959). Furthermore, the defendant must be made aware that the order has been

---

1. We delayed our decision in this case, in the hope of receiving guidance from the Supreme Court on several of the issues raised by defendant. See United States v. Harris, 334 F.2d 460 (2 Cir. 1964), cert. granted, 379 U.S. 944, 85 S. Ct. 438, 13 L.Ed.2d 542 (Dec. 14, 1964). It now appears that the Supreme Court will not hear argument on Harris during the present term. 33 U.S.L.Week 3335-36 (April 13, 1965).

issued. See Green v. United States, 356 U.S. 165, 173–179, 78 S.Ct. 632, 2 L. Ed.2d 672 (1958). Upon an examination of the entire colloquy with Judge Wyatt, however, we are satisfied that the judge meant only to give defendant time to consult with counsel prior to his next appearance before the grand jury. Moreover, we are satisfied that this was what defendant understood the judge to mean at the time, for defendant never raised his present objection during the grand jury proceedings on July 2 and August 4, 1964, even though on each occasion the government interrogator reminded him of Judge Wyatt's order. Cf. Piemonte v. United States, 367 U.S. 556, 560, 81 S.Ct. 1720, 6 L.Ed.2d 1028 (1961); United States v. Rinieri, 308 F.2d 24, 26 (2 Cir.), cert. denied, 371 U.S. 935, 83 S.Ct. 310, 9 L.Ed.2d 272 (1962).

■■■ Second. Defendant, who at the time of these events was on parole under a sentence imposed after a prior conviction, claims that the order violated his privilege against self-incrimination, because immunity from prosecution pursuant to 18 U.S.C. § 1406 would not protect him from the use of his grand jury testimony in a proceeding to revoke his parole. The immunity granted by 18 U.S.C. § 1406, however, is as broad as the privilege against self-incrimination. Reina v. United States, 364 U.S. 507, 514, 81 S.Ct. 260, 5 L.Ed.2d 249 (1960). If the constitutional privilege applies to parole revocation proceedings, a point we need not now decide, the immunity statute would bar use of defendant's testimony therein. See Ullmann v. United States, 350 U.S. 422, 430–431, 76 S.Ct. 497, 100 L.Ed. 511 (1956).

■■■ Defendant contends that even if he is covered by the immunity statute he would be unable to vindicate his rights thereunder because parolees are not entitled to summon witnesses by subpoena or to confront adverse witnesses in parole revocation hearings. Assuming that defendant has correctly described parole revocation procedures, we are satisfied that he enjoys other guarantees which adequately protect his rights under the immunity statute. Grand jury proceedings cannot be disclosed to a parole board without a court order which the parolee would be entitled to oppose. See Fed.R. Crim.P. 6(e); cf. Pittsburgh Plate Glass Co. v. United States, 360 P.S. 395, 399–400, 79 S.Ct. 1237, 3 L.Ed.2d 1323 (1959). Furthermore, parole cannot be revoked under 18 U.S.C. § 4207 without notice of charges to the parolee and an opportunity to be heard thereon. See United States ex rel. Frederick v. Kenton, 308 F.2d 258 (2 Cir. 1962); United States ex rel. Buono v. Kenton, 287 F.2d 534 (2 Cir.), cert. denied, 368 U.S. 846, 82 S.Ct. 75, 7 L.Ed.2d 44 (1961). If the charges should relate to matters about which the parolee has testified under a grant of immunity which covers parole revocation hearings, the government would have the burden of showing that its evidence was derived from a source other than the immunized testimony. Cf. Murphy v. Waterfront Comm'n, 378 U.S. 52, 79 n. 18, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964). The possibility that these numerous guarantees will be evaded, through the secret bad faith connivance of the government and the parole board, is too remote to bar application of the immunity statute to a parolee.

■■ Third. Defendant claims that Judge Wyatt's order was improper, because many of the questions he was directed to answer were irrelevant to any possible violation of the federal narcotics laws enumerated in 18 U.S.C. § 1406, and were merely designed to elicit gossip or to obtain from him a confession of his own guilt. We are reluctant, however, to circumscribe grand jury proceedings by rigid tests of relevance. See Blair v. United States, 250 U.S. 273, 282, 39 S.Ct. 468, 63 L.Ed. 979 (1919); United States v. Harris, supra, 334 F.2d at 462–463. Upon an examination of the questions defendant was directed to answer, we are satisfied that all of them were appropriate to a grand jury investigation into possible violations of the federal narcotics laws covered by the immunity statute.

294

Fourth. Defendant claims that the sentence of two years imprisonment was improper, because he had not been indicted by a grand jury on the charge of criminal contempt. See Green v. United States, supra, 356 U.S. at 183, 78 S.Ct. 632. He also claims that the sentence was improper because he had not been tried by a petit jury. See United States v. Barnett, 376 U.S. 681, 694 n. 12, 725–728, 753–760, 84 S.Ct. 984, 12 L.Ed.2d 23 (1964). Defendant refers us to the appellant's brief in United States v. Castaldi, No. 29043, 2 Cir., Sept. 25, 1964, for an elaboration of the arguments.

Our decision in Castaldi, 338 F.2d 883, 885 (2 Cir. 1964), petition for cert. filed, 33 U.S.L.Week 3223 (Dec. 17, 1964), furnishes a complete answer to these contentions. Inasmuch as the contempt proceedings preceded any compliance with Judge Wyatt's order, and because defendant's sentence contained a purge clause, it is the present rule of our circuit that he could be sent to prison for two years without having been tried by a petit jury. Cf. United States v. Harris, supra, 334 F.2d at 463–464. For the same reasons, it was unnecessary that he be indicted by a grand jury. See Green v. United States, supra, at 356 U.S. 184–185, 187, 78 S.Ct. 632.

Fifth. Defendant claims that the sentence imposed upon him was improper, inasmuch as it contained a purge clause characteristic of a civil contempt, whereas his conviction was for criminal contempt. He contends that this impropriety was compounded by the fact that the purge clause is discretionary, and thus the court may choose not to terminate his imprisonment even if he should comply with Judge Wyatt's order.

It is true that the Supreme Court has suggested that a sentence reflecting "an admixture of civil and criminal contempt" might raise arguable legal issues. Reina v. United States, supra, 364 U.S. at 515, 81 S.Ct. at 265. We construe the judgment in this case, however, to mean that defendant has an unqualified right to be released from prison once he obeys Judge Wyatt's order. As thus construed,

the sentence was entirely proper. United States v. Castaldi, supra, 338 F.2d at 885; see United States v. Rinieri, supra, 308 F.2d at 25.

Affirmed.