Carl Oscar **LETELLIER**, Appellant,

v.

**J. C. TAYLOR, Warden, United States Penitentiary, Leavenworth, Kansas,** Appellee.

**No. 8048.**

United States Court of Appeals Tenth Circuit.

June 25, 1965.

William A. Swainson, Cheyenne, Wyo., for appellant.

James R. Ward, Topeka (Newell A. George, Topeka, on brief), for appellee.

Before MURRAH, Chief Judge, LEWIS, Circuit Judge, and KERR, District Judge.

MURRAH, Chief Judge.

The trial court granted leave to file this Petition for Writ of Habeas Corpus without payment of costs. It assumed the truth of the allegations in the Petition and denied the Writ for legal in-sufficiency of the Petition on its face. Leave was then granted to proceed on appeal without the prepayment of fees or costs.

The assumed pertinent facts are that while the petitioner was on parole from an eight-year federal sentence he was sentenced by a state court on a state charge and committed to a state penal institution. The federal Parole Board lodged a detainer with the state authorities for parole violation. Upon his release from the state institution he was delivered to the United States Marshal

on warrant from the United States Parole Board and confined to the United States Penitentiary at McNeil Island from January 1963 until March 1963, without commitment papers. On the latter date his parole was officially revoked and he was transferred to the Federal Penitentiary at Leavenworth, Kansas, where he is presently confined. He now contends that he has served his eight-year federally imposed sentence and is therefore entitled to release.

If his contentions are correct, habeas corpus lies to effect his discharge. Petitioner's theory is that his eight-year sentence commenced to run from the date of its imposition, and that "no one has the power or authority to stop and start" the running of the sentence until it is satisfied. He "feels that since the United States parole authorities refused to run federal time with the state time, they relinquished all rights and claims by waiving their jurisdiction against him."

The law is plainly to the contrary. The unexpired term of a prisoner who has violated his parole begins "to run from the date he is returned to the custody of the Attorney General * * [under a warrant] and the time the prisoner was on parole shall not diminish the time he was sentenced to serve." 18 U.S.C. 4205, 62 Stat. 854. The service of the original sentence was interrupted by parole violation and incarceration in a state penal institution as if he had been an escapee. See Melton v. Taylor, 10 Cir., 276 F.2d 913; Adams v. Hudspeth, 10 Cir., 121 F.2d 270; Neal v. Hunter, 10 Cir., 172 F.2d 660.

The petitioner also contends that his confinement is unlawful because of the "unreasonable delay" from the time of his arrest and commitment on the Board's warrant and the date of the official revocation. It was, to be sure, the statutory duty of the Board to afford the petitioner an opportunity to appear without unreasonable delay and be heard concerning the cause of the parole revocation. See 18 U.S.C. 4207. United States ex rel. Buono v. Kenton, 2 Cir.,

287 F.2d 534; Weaver v. Markley, 7 Cir., 332 F.2d 34. Cf. Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566. But, "The proper time to object to an unreasonable delay in granting a hearing is during that unreasonable delay. * * * Once the hearing is held, however, and the fact of violation is fairly adjudicated, custody is lawful." United States ex rel. Buono v. Kenton, supra.

The petitioner does not contend that the violation of his parole was not fairly adjudicated or that he has served his sentence since revocation and recommitment. His custody is therefore lawful and the Writ was properly denied. Affirmed.