**James L. HEEZEN, Appellant,**

v.

**L. E. DAGGETT, Warden, Federal Correctional Institution, Appellee.**

**No. 20688.**

United States Court of Appeals, Eighth Circuit.

May 11, 1971.

James L. Heezen, pro se.

Robert G. Renner, U. S. Atty., Minneapolis, Minn., for appellee.

Before JOHNSEN, VOGEL and ROSS, Circuit Judges.

PER CURIAM.

This is an appeal from the denial of James L. Heezen's petition for a writ of habeas corpus under 28 U.S.C. § 2255. We affirm.

Heezen was convicted in United States District Court for the District of South Dakota of interstate transportation of a stolen vehicle and sentenced to a four

year term. He commenced service of his sentence on July 6, 1966 and was admitted to parole on May 29, 1968.

In March of 1970 Heezen was taken into custody in Sioux Falls, South Dakota under a warrant charging violation of the terms of his parole.[1] He then signed a Department of Justice form requesting "a local revocation hearing near the place of my alleged violation in order that, at my own expense, I may arrange for the services of an attorney and/or the appearance of voluntary witnesses to present testimony in my behalf bearing upon one or more of the parole or mandatory-release violations charged. I deny that I violated any of the conditions of my release, and also deny that I have been convicted of a law violation while under supervision." Heezen's petition for writ of habeas corpus fails to disclose whether or not he did retain counsel in Sioux Falls, South Dakota and alleges that he was sent to the Federal Correctional Institution at Sandstone, Minnesota on May 16, 1970.[2]

Heezen's brief filed with his petition acknowledges that a parole revocation hearing was held at the Sandstone, Minnesota Federal Correctional Institution on August 3, 1970, four and one-half months after he was taken into custody and prior to the filing of his petition for a writ of habeas corpus. He makes no allegations that the hearing was unfair or that it was not conducted properly except to allege that he was denied the assistance of counsel.

Heezen claims that he was entitled to a local revocation hearing prior to his return to the Sandstone Federal Correctional Institution under 18 U.S.C. § 4207;[3] that he was entitled to counsel at

1. The exact date is in dispute. Petitioner alleges he was taken into custody on March 21, 1970.

2. The court file does not disclose the filing of a response to the Court's order directing the respondent to show cause why the writ of habeas corpus should not be granted. Although the trial court in its memorandum opinion referred to a return being filed and the government in its

brief argued extensively as to alleged facts not contained in the court file, for the purposes of this appeal this Court has considered only the allegations of fact contained in Heezen's petition and written briefs.

3. A. 18 U.S.C. § 4207 provides:
"A prisoner retaken upon a warrant issued by the Board of Parole, shall be given an opportunity to appear before

his revocation hearing;[4] and that the denial of a local revocation hearing and the denial of counsel constitute a deprivation of due process of law.

## I. DENIAL OF LOCAL REVOCATION HEARING

Under the Parole Board Directive set forth in footnote 3, Heezen was entitled to a local revocation hearing once he requested it, "in order to facilitate retention of counsel or the production of witnesses." Heezen alleges he was kept in Sioux Falls, South Dakota for a period of almost two months, but the record is unclear as to whether or not he actually did retain counsel and why no local revocation hearing was granted.

■ Assuming, however, that Heezen should have been given a local revocation hearing with or without counsel, the delay in granting the parole revocation hearing would not render the hearing a nullity. The granting of the hearing on August 3, 1970 (prior to the time this petition for habeas corpus was filed) ended the delay and made custody thereafter lawful. Cotner v. United States, 409 F.2d 853, 857 (10th Cir. 1969); Weaver v. Markley, 332 F.2d 34, 36 (7th Cir. 1964); United States ex rel. Buono v. Kenton, 287 F.2d 534, 536 (2nd Cir.), *cert. denied,* 368 U.S. 846, 82 S.Ct. 75, 7 L.Ed.2d 44 (1961).

## II. RIGHT TO COUNSEL AT REVOCATION HEARING

Petitioner complains of his lack of appointed counsel at the requested local revocation hearing and at the hearing which was actually held on August 3, 1970. However, in neither case was it necessary that he be furnished court appointed counsel.

■ The general rule is well established that due process does not require appointment of counsel at parole revocation hearings for indigent federal parolees.[5] In Hyser v. Reed, 115 U.S. App.D.C. 254, 318 F.2d 225, 238 (En Banc), *cert. denied sub nom.* Jamison v. Chappell, 375 U.S. 957, 84 S.Ct. 447, 11 L.Ed.2d 316 (1963), Judge (now Chief Justice) Burger said:

"We hold due process does not require that indigent parolees be provided with appointed counsel when they appear before the Parole Board in revocation proceedings."

The Fourth Circuit adopted this rule in a slightly modified form in Jones v. Rivers, 338 F.2d 862, 874 (4th Cir. 1964) where it said:

"So long as that judgment is fairly and honestly exercised, a judgment which is subject to judicial review, we think there is no place for re-

the Board, a member thereof, or an examiner designated by the Board.

"The Board may then, or at any time in its discretion, revoke the order of parole and terminate such parole or modify the terms and conditions thereof.

"If such order of parole shall be revoked and the parole so terminated, the said prisoner may be required to serve all or any part of the remainder of the term for which he was sentenced." B. 28 C.F.R. § 2.40 (1970) provides in part:

"If the prisoner requests a local hearing prior to return to a federal institution in order to facilitate the retention of counsel or the production of witnesses, and if he has not been convicted of a crime committed while under community supervision, he shall be afforded a local revocation hearing reasonably near the place of the alleged violation (or one of the alleged violations if more than one is alleged). Otherwise he shall be given a revocation hearing after he is returned to a federal institution."

4. Parole Form 59a, used in requesting local revocation hearings provides in part:

"A preliminary interview or a local revocation hearing will be postponed, upon request, for a period up to 30 days in order that the prisoner may arrange for counsel and/or witnesses to appear at the interview or hearing. A postponement beyond 30 days will not be granted except at the discretion of the Board."

5. For a discussion and list of cases, *see* Menechino v. Oswald, 430 F.2d 403, 409 (2nd Cir. 1970).

*quired* counsel representation in the matter of parole revocation."

*See also* Boddie v. Weakley, 356 F.2d 242, 243 (4th Cir. 1966).

For the reasons set forth above, the judgment of the trial court is affirmed.