Reese X. BARNES, Jr., Appellant,

v.

UNITED STATES of America,
Appellee.

No. 20624.

United States Court of Appeals,
Eighth Circuit.

June 23, 1971.

Reese X. Barnes, pro se.

Bert C. Hurn, U. S. Atty., and Frederick O. Griffin, Jr., Asst. U. S. Atty., Kansas City, Mo., filed brief for appellee.

Before JOHNSEN, VOGEL and ROSS, Circuit Judges.

PER CURIAM.

Appellant sought release in habeas corpus from his confinement on a two-year sentence for violation of 18 U.S.C. § 2312 (Dyer Act), upon the ground that he was legally entitled to and had been denied a parole and thus was being unlawfully confined. His petition, though incorrect in its party designation, was treated by the District Court as being directed at the Warden of the Federal Medical Center at Springfield, Missouri, where he is an inmate, and it has been similarly treated by the Government here.

The court dismissed the petition as being on its face without any substance for a habeas corpus claim, but it granted appellant leave to appeal in forma pauperis. The appeal would be entitled to be summarily dismissed as legally frivolous, but in view of the trial court's authorization of the appeal and of appellant's self representation here, we shall on this submission on the briefs indulgently make brief expression and engage in formal affirmance of the judgment.

Appellant's primary contention is that he has served one-third of his sentence-term and has obeyed all the rules of the institution in which he is confined; that the prerequisites of 18 U.S.C. § 4202 for a parole have thereby been satisfied; that the Board of Parole is accordingly required to grant him such release; and

that its refusal to do so therefore entitles him to habeas corpus relief.

In initial premise for the simplistic contention, appellant argues that the "may be released" language of § 4202 is required to be read to mean "shall be released", in that criminal statutes must be construed, he says, "to operate in favor of lenity". To escape the provisions of § 4203, he argues that that statutory section is unconstitutional and so is entitled to no effect as a parole consideration, because (1) in authorizing the Board to take into account whether "there is reasonable probability that such prisoner will live and remain at liberty without violating the laws", and "whether such release is not inconsistent with the welfare of society", it allows the Board to deal with these questions on the basis of reports made to it by institutional officers without providing for a right of access or of contest on the part of a prisoner; and (2) as a further basis of unconstitutionality, the section fails to require the Board to provide a prisoner with counsel to assist him in the drawing of parole applications and other papers to enable him to have his situation put in its fullest and most effective light and also to appear for him before the Board.

 All of these arguments of unconstitutionality are sufficiently disposed of by the implications of our holding in Heezen v. Daggett, 442 F.2d 1002 (8 Cir. 1971), that even as to parole revocation proceedings, "The general rule is well established that due process does not require appointment of counsel at parole revocation proceedings". Much less can there be basis to argue that due process requires the appointment of counsel to assist a prisoner on any aspect of his efforts to obtain a parole. See also Hyser v. Reed, 15 U.S.App.D.C. 254, 318 F.2d 225, 238 (1963); Menechino v. Oswald, 430 F.2d 403, 410 (2 Cir. 1970).

■ It must be borne in mind that the two conditions set out in § 4202 are merely qualifications which must exist in order to make a prisoner eligible to file an application for a parole; they are not provisions which entitle a prisoner to demand a parole nor require the Board to grant one. No more are the considerations set out in § 4203 questions which a prisoner can make the subject of a demand for release. All of these things are merely matters upon the basis of which "the Board may in its discretion authorize the release of such prisoner on parole". To repeat our expression in Brest v. Ciccone, 371 F.2d 981, 982 (8 Cir. 1967):

> "By the language of 18 U.S.C.A. § 4203, the Board of Parole is given absolute discretion in matters of parole. The courts are without power to grant a parole or to judicially determine eligibility for parole. Furtermore, it is not the function of the courts to review the discretion of the Board in the denial of applications for parole, or to repass on the credibility of reports and information received by the Board in making its determinations".

Affirmed.