Richard C. **HYLER**, Petitioner-Appellant,

v.

U. S. **BOARD OF PAROLE**, et al., Respondents-Appellees.

No. 71–1821
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 30, 1971.

Rehearing and Rehearing En Banc Denied Oct. 15, 1971.

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Richard C. Hyler, pro se.

John W. Stokes, Jr., U. S. Atty., E. Ray Taylor, Jr., Asst. U. S. Atty., Atlanta, Ga., for respondents-appellees.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the District Court denying the petition of a federal prisoner for a writ of habeas corpus. We affirm.

On November 17, 1970, the appellant was taken into custody on a warrant for violating the terms of his mandatory release from a federal sentence. On March 23, 1971, appellant filed his habeas petition seeking his immediate release on grounds that he had been denied counsel throughout the revocation-of-release proceedings; he had been denied bail; and there had been an unreasonable delay in convening the revocation hearing.

The District Court found that a revocation hearing had been scheduled for February 18, 1971, but shortly before the hearing appellant requested that counsel be appointed to assist him, which motion was granted on February 11, 1971. To enable counsel to prepare properly, the hearing was postponed. The District Court found that the delay from arrest to February 18, 1971, was "unnecessarily long," but that appellant had not shown that he had been prejudiced by the delay. The Court directed that a revocation hearing be held within thirty days of that order, filed March 23, 1971. That hearing was held on April 19, 1971, with appellant represented by court-appointed counsel. A decision revoking his mandatory release was issued on May 13, 1971.

We affirm the conclusion of the District Court. The right to a prompt revocation hearing has been analogized to the right to speedy trial. United States ex rel. Buono v. Kenton, 2 Cir., 1961, 287 F.2d 534. We are not able to say that appellant's incarceration prior to hearing was oppressive, even though longer than it should have been. Cf. Smith v. Hooey, 1969, 393 U.S. 374, 378, 89 S.Ct. 575, 21 L.Ed.2d 607; United States v. Ewell, 1966, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627. In reaching that conclusion we bear in mind that appellant's challenge to the delay came after the revocation was further delayed by appellant himself. Clearly appellant was not entitled to immediate release. See Cotner v. United States, 10 Cir., 1969, 409 F.2d 853; Letellier v. Taylor, 10 Cir., 1965, 348 F.2d 893; United States ex rel. Buono v. Kenton, supra.

Affirmed.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.